# STATE ex rel. WILLIAM BECKER v. BROTHERHOOD OF AMERICAN YEOMEN.[1]

May 13, 1910.

Nos. 16,452—(30).

**Mandamus — order directing service.**

An order of the court or judge granting an alternative writ of mandamus, that it be served upon the respondent as by law "provided," *held* a sufficient direction, under section 4560, R. L. 1905, as amended by Laws 1909, p. 488, c. 408.

**Foreign insurance company — admission of service by insurance commissioner.**

A written admission of the service of process issued against a foreign insurance company, by the state insurance commissioner, upon whom service in such case may under the statute be made, *held* sufficient to confer jurisdiction upon the court.

**Insurance commissioner — judicial notice of officer.**

Judicial notice is taken of the official character of the insurance commissioner and of his signature.

**Foreign fraternal benefit association — service of process.**

The manner of service of process upon foreign fraternal benefit associations prescribed by section 19 c. 345, p. 477, Laws 1907, *held* applicable to mandamus proceedings, and, as so construed, is not unconstitutional and void.

**Mandamus — objections to service.**

Other objections to the service of an alternative writ of mandamus *held* not fatal to the jurisdiction of the court.

Petition to the district court for Ramsey county for an alternative writ of mandamus, directed to defendant fraternal beneficiary association, commanding it to forthwith restore petitioner to full membership in the organization and reestablish his policy of insurance therein. The writ was granted, and the order of allowance ordered "that

[1] Reported in 126 N. W. 404.

this writ, with the foregoing order of allowance, be served upon the respondent herein as by law provided; by copy, on or before the 15th day of July, 1909." Service of the writ on the insurance commissioner was admitted by him in writing in the form given in the opinion. On the return day defendant appeared specially and moved to dismiss the proceedings and quash the writ on the ground that the court had no jurisdiction of the person of respondent or any agent or officer thereof. The motion was denied, Kelly, J. From the order denying the motion, defendant appealed. Affirmed.

*Harry S. Swensen* and *E. C. Corry*, for appellant.

*Schmidt & Waters* and *E. A. Countryman*, for respondent.

BROWN, J.

Relator was a member of respondent society, a mutual benefit association organized under the laws of the state of Iowa. He was suspended from such membership by action of the society, and thereafter brought this proceeding by mandamus to compel reinstatement. An alternative writ was issued in due form, returnable August 9, 1909. At that time respondent, by its counsel, appeared specially and moved the court to set aside the service of the writ and to dismiss the proceedings, on the ground that the court had no jurisdiction of the person of respondent, and for other relief. The motion was denied, and respondent appealed. The only question presented by the assignments of error is whether jurisdiction over the person of respondent was acquired by a proper and legal service of the alternative writ.

1. Section 4560, R. L. 1905, as amended by chapter 408, p. 488, Laws 1909, provides that "writs of mandamus shall be issued upon the order of the court or judge, which shall designate the return day, and direct the manner of service thereof, and service of the same shall be by copies of the writ, order allowing the same, and petition upon which the writ is granted." It is the contention of respondent that there was not a compliance with the provisions of this statute, in that the court allowing the writ did not direct the manner in which the same should be served. This contention is without substantial merit. The order allowing the writ, so far as here pertinent, was as

follows: "It is further ordered that this writ, with the foregoing order of allowance, be served upon the respondent herein as by law provided, by copy, on or before the 15th day of July, 1909."

It is clear that this was a sufficient direction of the manner of service and answers every purpose of the statute. Respondent is a foreign corporation, and the only method pointed out by law for the service of process upon it is by delivering a copy thereof to its accredited agent, the state insurance commissioner. Section 19, c. 345, p. 477, Laws 1907. The mandamus statute requires the service to be made by copy of the writ, the order allowing the same, and the petition upon which the writ was granted. The court issuing the writ would have no authority to direct a service in any other manner, nor could it authorize a service upon any other person than the insurance commissioner, except, perhaps, some officer of the respondent was within the state upon whom service might lawfully be made. The direction, therefore, to serve the writ in the manner provided by law, was sufficient.

2. It is also contended that the proof of the service of the writ was wholly insufficient to give the court jurisdiction. This position is not sound. The proof of service was in the form of a written admission thereof, signed by the state insurance commissioner, and in the following language:

"Insurance Department, State of Minnesota.

"Service of the within made and accepted, and a copy forwarded to company, this 8th day of July, 1909.

"John A. Hartigan,   A. D. T.
"Insurance Commissioner."

The points made are (1) that there is no showing that respondent is a foreign benefit association authorized to be represented by the insurance commissioner; (2) that it was not shown that the signature of the insurance commissioner to the admission of service is genuine; (3) that it was not made to appear whether the service was made by duplicate copy, as provided by section 19, c. 345, p. 477, Laws 1907; and (4) that it was not shown whether the insurance commissioner mailed one of the copies received by him to the company.

None of these objections are well taken. It sufficiently appears that respondent is a foreign benefit association, admitted to do business in this state and subject to the provisions of chapter 345, supra. The petition so alleges, and is not denied. If this were not the fact, respondent should have disclosed the truth. It is a sufficient answer to the second point, namely, that no showing was made as to the genuineness of the signature of the insurance commissioner, that the court takes judicial notice of his official character, and also of his signature. Lanfear v. Mestier (18 La. An. 497) 89 Am. Dec., note on page 682, and cases there cited. The case of Masterson v. Le Claire, 4 Minn. 103 (163), is not in point, for the person making the admission of the service there before the court was not a public officer of whose signature judicial notice would be taken. The third objection, to the effect that it was not shown whether the service was in duplicate as required by the statute referred to, is without force. The admitted service was presumptively all that the statute required. The fourth objection is disposed of by the statement that the provisions of the statute requiring the insurance commissioner to forward copies of any processes served upon him to the corporation at its home office is no part of the service, but a mere duty imposed by the statutes upon the insurance commissioner after service has been made upon him.

3. It is further contended that the provisions of section 19, supra, respecting the manner of service of process upon corporations there referred to, have no application to mandamus proceedings, and, if construed to apply, the statute is unconstitutional and void. This contention does not require extended mention. It is clear, too clear to admit of serious discussion, that the purpose of the statute in providing for the appointment of an agent of corporations like respondent was to accord the courts of the state a method of acquiring jurisdiction in actions and proceedings arising therein. Its language is broad and comprehensive, and provides for the service of any "legal process in any action or proceedings" against the corporation. It furnishes the only method of service of process in such cases, and necessarily applies to the writ of mandamus. That the legislature had the right to so provide, and that the statute is not unconstitu-

tional, is clear. Seamans v. Christian Bros. Mill Co., 66 Minn. 205, 68 N. W. 1065.

4. Nor is there any force in the contention that by the order of the court directing the service of the writ to be made on or before July 15, 1909, respondent was not granted thirty days within which to appear and answer, as provided by section 19, supra. The service was in fact made on the eighth day of July, thus giving respondent thirty-two days in which to appear. If it be conceded that the particular provisions of the statute referred to, granting insurance companies thirty days in which to appear and answer in proceedings brought against them, control the court in mandamus proceedings, and prevent it from shortening the time when deemed proper, a concession we are not prepared to make, the respondent was not deprived of the thirty-day period, and the fact that the court extended the time within which service might be made to July 15, the writ being returnable August 9, and in fact served on July 8, was entirely without prejudice.

Order affirmed.