## ETHEL SPENCER v. COURT OF HONOR.[1]

### February 7, 1913.

### Nos. 17,759, 17,760, 17,761—(147, 148, 149).

**Service of process — foreign fraternal beneficiary association.**

> Section 19, c. 345, Laws 1907, providing for the service of process upon foreign "fraternal beneficiary associations," construed, and *held* to furnish the only method for the service of a summons in a civil action upon such an association.

**Statute valid.**

> The statute is not unconstitutional, as class legislation, because the association is given 30 days in which to answer, when all other corporations are allowed but 20 days.

**Special appearance.**

> An appearance by way of motion to set aside a judgment rendered upon an unauthorized and void service of the summons, being specifically limited to the purposes of the motion, *held* a special appearance, though the motion also challenged the jurisdiction of the court upon the subject-matter of the action.

Three actions in the municipal court of St. Paul to recover $294.-63, in which Ethel Spencer, Mary A. Spencer and Ambrose E. Spencer were the respective plaintiffs. Judgments were entered by default. Defendant, appearing specially for the purposes of the motion, moved to set aside the judgments on the grounds mentioned in the first paragraph of the opinion. The motions were denied, Finehout, J. From the orders denying the motions, defendant appealed. Reversed.

*Spooner, Laybourn & Lucas,* for appellant.

*A. J. Hertz,* for respondent.

BROWN, C. J.

Defendant is a fraternal beneficiary association, organized and

---

[1] Reported in 139 N. W. 815.

existing under the laws of the state of Illinois. As such it was at all times herein involved authorized to transact and do business in this state. Some time during the year 1908, defendant for value duly issued a certain policy or certificate of insurance upon the life of Herbert U. Spencer for the sum of $1,000, payable on the death of Spencer to Mary A., Ethel, and Ambrose E. Spencer, plaintiffs in these several actions. Spencer died on May 13, 1911, and thereafter these actions were brought to recover upon the policy. They were brought in the municipal court of the city of St. Paul, and the summons issued therein was in the usual form and required defendant to answer the complaint within 10 days from the date of service. The service in each case was made upon a person claimed by plaintiff to have been at the time an officer and agent of defendant residing in this state. No appearance was made by defendant, and default judgments were rendered in each action for a proportionate share of the money due on the policy, with costs. Thereafter defendant, appearing specially, for the purposes of the motion only, moved the court to set aside the judgment on the grounds: (1) That the summons was not served as required by law; and (2) that but one cause of action existed in plaintiffs' favor, which was joint, and the amount thereof, $1,000, exceeded the jurisdiction of the court. Separate motions were made in each action, were each denied, and defendant appealed. The questions presented are identical in each case, and we dispose of them by one opinion.

1. Defendant is a fraternal beneficiary association, incorporated under the laws of the state of Illinois. The person upon whom service of the summons was made was an agent with authority to organize local branches of the order in this state. The only question requiring consideration is whether service upon that person was sufficient to vest jurisdiction over defendant.

It is the contention of defendant that service could lawfully be made only upon the state insurance commissioner, as provided for by chapter 345, p. 469,.Laws 1907 [R. L. Supp. 1909, §§ 1704—11 to 1704—41]; while plaintiffs contend: (1) That in actions of this kind service may be made either under that statute, or upon an agent of the defendant within the state; and (2) if the statute be held to prescribe the exclusive mode of service, that it is unconsti-

tutional as class legislation. We sustain defendant's contention that the statute referred to furnishes the only method for the service of legal process in such cases.

The statute deals with both foreign and domestic "fraternal beneficiary associations." It provides for the incorporation of the domestic and the admission of the foreign association to transact its business in this state. One of the conditions upon which the foreign associations may be licensed in this state is that it shall "appoint in writing the insurance commissioner and his successor in office to be its true and lawful attorney, upon whom all legal process in any action or proceeding against it shall be served, and in such writing shall agree that any lawful process against it, which is served upon such attorney, shall be of the same legal force and validity, as if served upon the association," and, further, that "service may only be made upon such attorney, must be made in duplicate and shall be deemed sufficient service upon such association: Provided, however, that no such service shall be valid or binding against any such association when it is required thereunder to file its answer * * * in less than thirty days after the date of such service."

The language of the statute is plain and unambiguous, and the provision thereof that the service of process "may only be made upon such attorney" leaves no room for doubt upon the legislative intent to provide that method of obtaining jurisdiction of such corporations as exclusive. It was for all practical purposes so held in State v. Brotherhood of American Yeomen, 111 Minn. 39, 126 N. W. 404, though that case involved the service of a writ of mandamus under directions of the court, and not the service of a summons in a civil action. But the decision there rendered controls the present case. It was clearly not the intention of the legislature to leave the manner of service optional with the plaintiff in each case, but rather to definitely fix a single method of acquiring jurisdiction of the corporations and associations included in the particular statute. We so hold.

The further contention of plaintiff that the complaint does not allege or show that defendant is a "fraternal beneficiary association," and therefore that the service in question was valid, is not sustained.

Defendant is in fact such an association, organized under the laws of the state of Illinois, and that fact is affirmatively shown by the affidavits presented on the motion to set aside the service. It is not material that the fact was not disclosed by the complaint.

2. Nor do we sustain the contention that the statute in unconstitutional because of a discrimination in favor of the corporations included therein. The alleged discrimination consists in the fact that the statute grants 30 days within which the defendant may appear and answer the complaint, whereas all other foreign corporations are given but 20 days for appearance. This is not fatal to the statute. The objection is not a matter of substance. Reasons may have been presented to the legislature which in its judgment justified granting a longer time to answer in such cases, and we are not prepared to say that the legislative discretion was improperly exercised.

What was said in the case of Lockway v. Modern Woodmen, 116 Minn. 115, 133 N. W. 398, upon the question of the constitutionality of the statute, was with reference to the contention there made that the summons in that action was utterly void, because it required defendant to answer within 20 days, instead of 30 days, as provided by the statute. But we did not intend to be understood as intimating an opinion that the statute was unconstitutional. The question was merely suggested. Indeed, that decision proceeds upon the theory that the statute is perfectly valid, for we sustained the right of plaintiff to amend the summons by changing the same in respect to the time defendant was required to answer. The original summons limited the time to 20 days, and the amendment changed it to 30 days, so as to conform to the requirements of the statute. We sustain and uphold the statute.

3. The further contention of plaintiff that defendant's appearance in the action was general, and therefore a waiver of proper service of the summons, requires no extended discussion. Defendant's appearance in the action was expressly designated as special, and for the purposes of the motion only. The claim that the appearance was general is founded in the fact that defendant's objection to the service of the summons also raised the question whether the court had jurisdiction of the action.

In determining whether there has been a waiver of jurisdictional defects by the form of defendant's appearance, a distinction is made by our decisions between an appearance before and an appearance after judgment. An appearance for special purposes before judgment, coupled with a demand for relief inconsistent with a claim of want of jurisdiction, is a general appearance, and a waiver of defects in the service of the summons. But where the appearance is made after judgment, and for want of proper service of process the judgment is void, a different rule applies. Godfrey v. Valentine, 39 Minn. 336, 40 N. W. 163, 12 Am. St. 657.

In that case the court said that upon a motion to set aside a judgment, shown to have been void because the court had acquired no jurisdiction in the cause, an objection distinctly made upon that ground should not be deemed to have been at the same time waived from the fact that the moving party also urged in support of his motion additional reasons not inconsistent with the alleged want of jurisdiction, nor because, by asking to file an answer, he indicated his willingness to submit to the jurisdiction of the court. The same rule was applied in Covert v. Clark, 23 Minn. 539, where the court said: "When a motion to vacate a judgment is founded upon grounds taken solely with reference to their supposed bearing upon the jurisdiction of the court to render the judgment, and solely for the purpose of attacking said jurisdiction, the appearance * * * for the purposes of the motion only, is a special appearance, which has no effect in curing any objection to the judgment for want of jurisdiction over such defendant's person."

The rule of these cases controls the case at bar. The appearance of defendant was special in fact, and was limited to the objections of want of jurisdiction. The Nebraska cases cited by plaintiff (Perrine v. Knights Templar, 71 Neb. 267, 98 N. W. 841, 101 N. W. 1017, and Lillie v. Modern Woodmen, 89 Neb. 1, 130 N. W. 1004) are not in point. The appearance in those cases was before the entry of judgment.

It follows that for want of legal service of the summons the

court was without jurisdiction in either action, and the order of the court refusing to set the judgment aside must be reversed in each case.

It is so ordered.