# W. J. LONGCOR v. ATLANTIC TERRA COTTA COMPANY.[1]

June 27, 1913.

Nos. 18,082—(182).

**Special appearance — entry of order.**
   1. An order, entered upon a special appearance, to show cause why the service of the summons and complaint should not be set aside as insufficient to confer jurisdiction, did not convert the special into a general appearance by reason of the fact that, in addition to reciting the special appearance, it enlarged the time for answering in the event that the service should be held sufficient.

**Same — adjournment of hearing.**
   2. The special appearance was not made general by an adjournment, granted at the defendant's request, of the hearing upon the order to show cause.

Action in the district court for Goodhue county to recover $600. Defendant appeared specially and moved to set aside a pretended service of the summons and complaint. From an order denying the motion, defendant appealed. Reversed.

[1] Reported in 142 N. W. 310.

*Davis, Kellogg & Severance* and *Guy Chase,* for appellant.

*Mohn & Mohn,* for respondent.

PHILIP E. BROWN, J.

On November 1, 1912, plaintiff attempted to commence, in the district court, an action against defendant, a foreign corporation, by service of summons and complaint in this state upon the defendant's sales agent, one Carpenter. Thereafter, on November 20, defendant made a verified petition stating therein that it appeared only for the purpose of excepting to the service of the summons and complaint, and not generally or for any other purpose, also alleging facts sufficient, prima facie, to require the conclusion that Carpenter was not one upon whom service of a summons could be made so as to confer jurisdiction over the defendant, and praying that the service be set aside and proof thereof quashed. Upon the petition, re-enforced by Carpenter's affidavit to the same effect, and on motion stating the same special appearance as in the petition, defendant obtained an order directing plaintiff to show cause, at a general term to be held December 3, why the attempted service should not be vacated. The order recited that defendant's appearance was special and for the purpose only of setting aside the attempted service, but also ordered "that the time for answering the said complaint by said defendant, in case it shall be held that said service was sufficient, is hereby enlarged until ten days after the disposition of said motion." The papers mentioned, together with a notice of motion in which the special appearance was restated in accordance with the terms of the order to show cause, were thereafter served on plaintiff. The minutes of the court, of date December 3, contained the following entry:

"The District Court of Goodhue County, Minnesota, met in General Term with the Hon. Albert Johnson, Judge presiding. Court proceeded to the informal call of the Calendar, and in case No. 33, W. L. Longcor against Atlantic Terra Cotta Company, defendant appeared by its counsel and asked for an adjournment until December 3rd, 1912, which was granted by the court."

The application was heard on the day stated, plaintiff offering nothing against defendant's showing of lack of authority in Car-

penter. An order followed, reciting defendant's special appearance, but denying it relief, as we understand, on the ground that it had made a general appearance, under the rule of Yale v. Edgerton, 11 Minn. 184, (271), in obtaining the extension of time for answering in the order to show cause. The defendant appealed.

1. The position stated, and the further contention that the appearance in term, coupled with the request for and the obtaining of an adjournment of the hearing, is urged as a sufficient reason for the upholding of the order, and raise the only question involved. It does not appear whether that part of the order enlarging the time to answer was made at defendant's instance or of the court's own motion. We regard this as immaterial, for defendant, having availed himself thereof, must be considered bound by its terms. However, at the outset, it seems unlikely that the court—the judge presiding at such time did not make the order appealed from—would in any event intentionally recognize the special appearance stated in the order and, by the act of issuance, nullify it by a provision for an extension so inconsistent with the purposes of the appearance as to destroy its effect.

Yale v. Edgerton, supra, was decided nearly 50 years ago, and we have been unable to find any citation thereof on the point involved, either here or elsewhere.

"In considering how controlling is the language found in an opinion announcing the decision of a court," said Mr. Justice O'Brien, in State v. Johnson, 111 Minn. 255, 262, 126 N. W. 1074, 1077, "it is always necessary to ascertain the circumstances under which it was used. In each case, not only the result arrived at, but the reasoning advanced in its support, and the language used in expressing both reasons and conclusions, are inevitably affected by the particular facts under consideration."

An examination of the original record in the case of Yale v. Edgerton discloses that the facts there involved, but not stated in the opinion, were that the plaintiff commenced an action in Ramsey county against a resident defendant, but omitted the words "The State of Minnesota" from the summons. After service plaintiff inserted the omitted words, and re-served. The motions referred to in the opinion,

so far as here material, were made on a special appearance to set aside the summons on the ground indicated, and thereafter, and before determination had, the defendant obtained an order extending the time to answer. The court held that this conferred jurisdiction, notwithstanding the alleged defects, saying at page 187:

"We perceive no hardship resulting from this rule. The party appears specially to avail himself of objections, which as they *do not go to the merits of the case,* are of a *technical* character, to be tolerated, as in some instances they involve principles necessary to the due administration of the law, but not to be encouraged, as they generally result in defeating substantial justice. Interposing an objection of this character, the party must rely upon the legal merits of his motion, and stand or fall with his position, and there is nothing in the nature of these *dilatory* motions to appeal to the favor of the court, however the circumstances of any particular case may qualify this view, and constitute an exception to the rule, which may be recognized by the court in an application for relief. This view renders unnecessary a further consideration of the questions arising on the appeals from the order denying the motion to vacate the summons, and the order granting the motion to vacate the amended summons." The italics are ours.

From this language it is obvious that the court was not considering a state of facts analogous to those of the present case. This is made clear by the fact that the same justices, shortly thereafter, in Hanna v. Russell, 12 Minn. 43 (80), held that the omission referred to was not jurisdictional. This case was followed on the same point in Lowry v. Harris, 12 Minn. 166 (255).

The Yale case differs from the present one in the essential respect that it did not involve jurisdictional defects, which go to the root of the right to bind defendant by the result of the litigation. Here we have no "dilatory" motion, nor one of "technical character." The defendant's right to contest the jurisdiction claimed to have been acquired over it by the service is as much of substance as the merits of the case. Board of Commrs. of Stearns County v. Smith, 25 Minn. 131, is akin to the one under consideration. There the collection of taxes on real property was involved. The defendant ap-

peared in the district court, specially and in writing, for the sole purpose of interposing an objection to the jurisdiction because of the insufficiency of the published notice. Following thereafter in the same paper he set out that "if such objection to the jurisdiction be overruled, the undersigned, further, as a separate defense in said matter, objects," etc., setting up a defense upon the merits. It was held that this was not a full appearance, or a waiver of the objection to the jurisdiction, and a proper way to take the objection, the court saying, at page 134:

"This (the matter upon the merits) is interposed as an answer, only upon the condition that the objection to the jurisdiction is overruled. The powers of the court are not called into action for any purpose, except to decide upon its jurisdiction (until the objection to the jurisdiction is disposed of,) so as to make the filing of the answer to the merits a full appearance, within the doctrine of Curtis v. Jackson, 23 Minn. 268, or a waiver of the objection to the jurisdiction, within the rule of Com'rs of Houston Co. v. Jessup, 22 Minn. 552."

In cases subsequently decided, the generally applicable rule has frequently been announced, as: By Mr. Justice Mitchell, in St. Louis Car Co. v. Stillwater St. Ry. Co. 53 Minn. 129, 131, 54 N. W. 1064: "The rule is that an appearance for any other purpose than to question the jurisdiction of the court is general;" by Chief Justice Gilfillan, in Johnson v. Hagberg, 48 Minn. 221, 222, 50 N. W. 1037, 1038: "It is a rule of universal application that parties may, by consent, give jurisdiction over the person, and it follows as a consequence that, where there is any defect of jurisdiction, or it has ceased, the parties may waive the objection, and they do so when they take or consent to any step in the cause which assumes that the jurisdiction exists or continues," and by the present Chief Justice, in Spencer v. Court of Honor, 120 Minn. 422, 426, 139 N. W. 815: "An appearance for special purposes before judgment, coupled with a demand for relief inconsistent with a claim of want of jurisdiction, is a general appearance, and a waiver of defects in the service of the summons."

These cases concerned applications made after judgment, and a

distinction has been made here between such and appearances before judgment. See Spencer v. Court of Honor, supra. Nevertheless, the rule is as stated. There is no occasion now to inquire whether the distinction referred to is well founded. Unquestionably, if defendant had made its application after judgment, in the same form, the appearance could not be held to be general. Spencer v. Court of Honor, supra; Schlesinger v. Modern Samaritans, 121 Minn. 145, 140 N. W. 1027.

Tested by the general rule stated, there was no general appearance made. The order to show cause must be read as an entirety, and, when so read, no assumption of jurisdiction appears. Of course a defendant cannot protest and consent at the same time; but, when objection to the jurisdiction is clearly made, the mere fact that he is given and accepts an enlargement of the time to answer until his motion is disposed of, cannot be held to be inconsistent with such objection, nor can it be said that he thereby assumes that jurisdiction exists. Any other rule would be altogether too technical for the practical administration of justice. It is scarcely necessary to say that the defendant's request for an adjournment of the hearing did not turn its special into a general appearance.

Order reversed.