[Civ. No. 3674.  First Appellate District, Division One.—March 21, 1921.]

LOS ANGELES GAS AND ELECTRIC CORPORATION (a Corporation), Appellant, v. DEPARTMENT OF PUBLIC SERVICE OF THE CITY OF LOS ANGELES et al., Respondents.

[1] PUBLIC UTILITIES—OWNERSHIP BY MUNICIPALITY—JURISDICTION OF RAILROAD COMMISSION — CERTIFICATE OF PUBLIC NECESSITY AND CONVENIENCE.—The Railroad Commission of the state is not empowered to regulate and supervise municipally owned public utilities; and a municipality is not required to obtain from the state Railroad Commission the certificate required by section 50 of the Public Utilities Act (Stats. 1915, p. 148), "that the present or future public convenience and necessity require, or will require, such construction," in the matter of the construction and maintenance of its municipally operated electric plants and distributing system.

APPEAL from a judgment of the Superior Court of Los Angeles County.  J. P. Wood, Judge.  Affirmed.

The facts are stated in the opinion of the court.

Paul Overton, S. W. Guthrie, H. J. Goudge and Samuel Poorman, Jr., for Appellant.

Charles S. Burnell, City Attorney, Jess E. Stephens, City Attorney, W. B. Mathews, Lewis E. Whitehead and Ray C. Eberhard for Respondents.

WASTE, P. J.—Plaintiff brought this action to enjoin the department of public service of the city of Los Angeles, and the board of public service commissioners of that city, from

erecting, constructing, operating, or maintaining an electrical distributing system in the city of Los Angeles, until such time as the Railroad Commission of the state should issue a certificate of "public convenience and necessity" therefor. The lower court rendered judgment in favor of the defendants and plaintiff has appealed.

The plaintiff is a corporation engaged, under proper franchises, in generating, furnishing, and distributing electric energy to consumers in the city of Los Angeles and elsewhere for compensation, and has erected and constructed poles, wires, conduits, and other electrical apparatus and appliances in the streets and public places of that city for the purpose of carrying on its business. Under the powers conferred by the state constitution (art. XI, sec. 19) and its own charter, the city of Los Angeles constructed an aqueduct system for the purpose of providing for the use of its inhabitants an additional supply of water from the watershed of the Owens River. This aqueduct, by reason of the fact that its intake is more than two thousand feet higher than its southerly terminus in the city of Los Angeles, affords opportunities along its course for the development of electric energy from the fall or flow of the water. Since March 23, 1912, the city, through its board of public service commissioners, has been engaged in the construction of works for generating electric energy from the flow of water in the aqueduct, and for transmitting it into the city, where plants and a complete system have been constructed for distributing such energy for domestic, commercial, and industrial uses and purposes, including public street-lighting. More than eight million dollars have been expended in this enterprise. At the time this litigation was initiated, the city of Los Angeles, in competition with plaintiff, was supplying some fifteen thousand consumers with electric energy, and was furnishing approximately forty per cent of all public street-lighting in the city.

[1] In bringing this action for an injunction, the appellant takes the position that the respondents, in constructing and operating an electrical distributing system for the purpose of furnishing and supplying electric energy to the inhabitants of the city of Los Angeles, are not performing governmental functions, but are acting solely in a proprietary capacity to the same extent as the plaintiff and

other private corporations. It therefore contends that in the operation of its public utilities the city is subject, as are all private corporations thus engaged, to the provisions of the Public Utilities Act. Its particular complaint is that before beginning the construction of its works the city did not, and never has, obtained from the state Railroad Commission the certificate required by section 50 of the Public Utilities Act (Stats. 1915, p. 148), "that the present or future public convenience and necessity require, or will require, such construction." The city takes the ground that it was unnecessary for it to obtain such certificate, claiming that the Public Utilities Act has no application to any public service carried on by it as a municipal corporation.

The sole question presented on this appeal is whether or not the Railroad Commission of the state is empowered to regulate and supervise municipally owned public utilities. When the judgment in this action was rendered in the lower court the proposition was an open one. Further controversy has, however, been precluded by the recent decision of the supreme court in *City of Pasadena* v. *Railroad Commission of California*, 183 Cal. 526, [10 A. L. R. 1425, 192 Pac. 25]. In that case the city of Pasadena, under authority of its charter, constructed electric works for the purpose of supplying its inhabitants with electricity. It extended its wires to the adjoining city of South Pasadena, and thereafter supplied electricity to the inhabitants of the latter city for similar purposes. On complaint of the Pacific Gas and Electric Company, which was also engaged in supplying electricity to the inhabitants of South Pasadena, the Railroad Commission, assuming to act under the provisions of the Public Utilities Act, made an order requiring the city of Pasadena to file with it a complete schedule of all of its rates, rules, and regulations for the service of electric energy to consumers within the limits of South Pasadena. The city of Pasadena thereupon applied to the supreme court for *certiorari* to review the order of the commission, taking the exact position now assumed by the city of Los Angeles in the instant case, that the Public Utilities Act under which the Railroad Commission made the order has no application to any public service carried on by a municipal corporation. The court, in its decision written by Mr. Justice Shaw, and concurred in by

the other members of the court, held that the provisions of the constitution authorizing the legislature to make laws conferring on the Railroad Commission power to control, supervise, and regulate public utilities in the state of California, and to fix rates for commodities furnished by public utilities, apply exclusively to private corporations and natural persons, or associations of persons, and do not include public service carried on by municipalities. It also held that the constitution did not give the legislature authority to confer upon the commission power to regulate the rates of service charged by municipal corporations operating municipally owned public utilities. The court, therefore, squarely held that the Public Utilities Act, under which the Railroad Commission assumed to act in the Pasadena case, the provision of which plaintiff in the instant case attempts to invoke, has no application to any public service carried on by a municipal corporation under the authority of the constitution and laws of the state. (*City of Pasadena* v. *Railroad Commission, etc., supra.*) A petition for a rehearing of the case, after the decision, was denied.

No good can be accomplished by further reference or apt quotation from that opinion. Suffice it to say, that it comprehensively deals with, and satisfactorily settles, the exact legal question involved in this case. The lower court was correct in holding that the Railroad Commission was without jurisdiction in the instant case, and that it was unnecessary for the city of Los Angeles to apply to the commission for the certificate of public convenience and necessity in the matter of the construction and maintenance of its municipally operated electric plants and distributing systems.

The conclusion we have reached renders it unnecessary to consider the question raised by respondents, whether or not the plaintiff could maintain the action.

The judgment is affirmed.

Kerrigan, J., and Richards, J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on May 19, 1921.

All the Justices concurred except Wilbur, J., who was absent.