# KLEPPER *v.* KLEPPER

No. 2804

November 8, 1928.                    271 P. 336.

*Painter & Withers*, for Respondent:

*W. M. Kearney* and *Sidney W. Robinson,* for Appellants:

## OPINION

By the Court, COLEMAN, J.:

Plaintiff instituted her suit for a divorce. An affidavit of nonresidence of the defendant having been made, a copy of the summons was served upon him personally in a sister state. Before the time within which to plead had expired the defendant appeared specially and moved to quash the summons and the service thereof, on jurisdictional grounds. The motion to quash having been heard and denied, and no request having been made by the defendant for time within which to plead, the court ordered that defendant's default be entered. The court then immediately proceeded to take the testimony in behalf of the plaintiff, at the conclusion of which judgment and decree were entered in her favor. In due time the defendant took an appeal to this court. The matter is now before us on plaintiff's motion to dismiss the appeal.

In support of the motion to dismiss two points are made. It is first contended that since the appeal is from the judgment and not from the order denying the motion to quash, the appeal must be dismissed for the reason that the order was an appealable order, and, no appeal having been taken therefrom, error in denying the motion, if any, cannot be considered.

In support of the contention that the order might have been appealed from, our attention is directed to Tiedemann v. Tiedemann, 35 Nev. 259, 129 P. 313, and to State v. Moore, 46 Nev. 65, 207 P. 75, 22 A. L. R. 1101.

Section 5329, Rev. Laws, as amended (Stats. 1913, p. 113), provides when an appeal may be taken, and no appeal can be taken except when authorized by statute. Nowhere does our statute provide that an appeal may be taken from an order denying a motion to quash a summons, or the service thereof; hence it is clear that the defendant had no right of appeal from the order in question.

The two cases are not in point. Those were cases in which the motion to quash was sustained, and hence the order was appealable since it put a finality to the proceeding, as pointed out in the respective opinions. No such result followed the order complained of in this case.

■ We come now to the contention that the motion must be granted since there is no appeal from a default judgment.

In support of the contention made, reliance is had upon the case of Paul et al. v. Armstrong, 1 Nev. 82, Kidd v. Four-Twenty Mining Co., 3 Nev. 381, and Martin v. District Court, 13 Nev. 90.

We do not think the opinion in either of the cases mentioned is authority for the contention made. In the first case the opinion states:

"In this cause there was no answer, no issue, either of law or fact—of course there could be no trial in the probate court. The statute says that, upon an appeal, the case shall be tried de novo in the appellate court. That is, as I understand it, in the same manner, with the same effect, and upon the issues tried in the" lower court.

It is thus seen that that opinion can be no authority in the instant case, where an issue of law is made by the motion to quash, which was heard and determined.

But if the facts in that case were such as to make it controlling, its force and effect is greatly weakened by the opinion in the second case mentioned, wherein, after pointing out the reason why the first-named case is of little weight, the court, in considering the weight to be given to certain New York cases relied upon, observed that in those cases no question of the regularity

of the default was raised. The court then goes on to say:

"This is a very different case from that. Here the default was irregularly taken, and judgment is entered without proper authority. In such case it has repeatedly been held in California that an appeal is the proper remedy. * * * "

The court held the appeal proper and reversed the default judgment.

Nor is the case of Martin v. District Court in point. As appears from the opinion in that case, "there was no issue of law or fact to be tried."

■ This court may consider the correctness of a ruling of the lower court on the motion to quash, on appeal from the judgment. Potter v. L. A. & S. L. R. Co., 42 Nev. 370, 177 P. 933; Rev. Laws, sec. 4833.

For the reasons given, the motion is denied.