THE CITY OF LOS ANGELES, CALIFORNIA, A
MUNICIPAL CORPORATION, AND DEPARTMENT
OF WATER AND POWER OF LOS ANGELES,
PETITIONERS, v. THE EIGHTH JUDICIAL DIS-
TRICT COURT OF THE STATE OF NEVADA
AND HON. WILLIAM E. ORR, JUDGE THEREOF,
RESPONDENTS.

No. 3187

May 6, 1937.                              67 P. (2d) 1019.

*Ray L. Chesebro,* City Attorney; *S. B. Robinson,* Chief Assistant City Attorney; *Gilmore Tillman,* Deputy City Attorney; *G. Ellsworth Meyer,* Deputy City Attorney; and *A. S. Henderson,* of Counsel, for Petitioners:

*Harold M. Morse, C. D. Breeze* and *Guy E. Baker,* for Respondents:

## OPINION

By the Court, DUCKER, J.:

This is an original proceeding in prohibition.

The petition, among other matters, shows: That petitioner City of Los Angeles, Calif., is a municipal corporation organized and existing under and by virtue of the constitution and laws of the State of California and has its domicile in the county of Los Angeles, State of California.

That petitioner Department of Water and Power of the City of Los Angeles is a department of the city of Los Angeles, a municipal corporation, and is organized and existing under and by virtue of the constitution and laws of the State of California.

That petitioners under and in accordance with the "Boulder Canyon Project Act" of the United States (43 U. S. C. A. secs. 617–617t), have constructed on the public lands of the United States within the boundary of the State of Nevada an electrical transmission line connecting the generating plant of the United States located at Boulder Dam with the electric system of the city of Los Angeles in said city.

That on the 16th day of September 1935, Mamie Jackson, a citizen and resident of the State of Georgia, caused to be filed in the above-entitled court a complaint, entitled, "Mamie Jackson, as Administratrix of the Estate of William B. Bush, deceased, Plaintiff, v. Daniel Nicoll, Department of Water and Power of the City of Los Angeles, a municipal corporation, and Bureau of Power and Light of the City of Los Angeles, a municipal corporation, Defendants," in which plaintiff claimed damages because of the alleged wrongful death of said deceased, in an automobile collision between an automobile being operated by him, and an automobile being

operated by defendant Daniel Nicoll, and which it was alleged was owned and registered in California by said Department of Water and Power.

That on the 31st day of March 1936, an alias summons was issued in said action, a copy of which, together with a copy of said complaint, was delivered to and left with the secretary of state, or deputy secretary of state of Nevada, on the 22d day of April 1936.

That neither of petitioners was ever personally served with said summons or complaint, nor has any writ of attachment been issued or served, nor has any order for, or publication of, summons ever been made in said action.

That on the 6th day of June 1936, petitioner Department of Water and Power appeared specially, and not generally, and moved respondents to quash said pretended service of summons and complaint, for the reason that the complaint showed that said department was a municipal corporation of the State of California, and the court had no jurisdiction over said department, which motion was set for hearing before respondents, at which said administratrix did appear by her attorneys of record and oppose the same on its merits. That respondents denied said motion to quash.

That petitioners have not filed any answer, demurrer, or notice of appearance in said action and have no plain, speedy, or adequate remedy at law by appeal or otherwise.

The petition also recites that respondents, unless restrained, will seek to exercise jurisdiction over petitioner Department of Water and Power in said action and deprive petitioners of their right to due process of law under the fourteenth amendment to the constitution of the United States, and the equal protection of the laws under said amendment.

It is further alleged that the exercise of said jurisdiction by respondents is in violation of article 1, section 8, of said constitution.

Upon the application the alternative writ of prohibition issued. Respondents interposed a demurrer to the

petition and made return and answer to the writ. Annexed to the latter is a certified copy of all the pleadings, records, files, and minutes of the court in the action alleged in the petition.

Relative to the petitioner Department of Water and Power it is alleged in said complaint as follows:

"That at all times hereinafter mentioned, the defendant, Department of Water and Power of the City of Los Angeles, was, and now is, a municipal corporation, duly created, organized and existing under and by virtue of the laws of the State of California, and at all times had, and now has, charge, superintendence and control of works for providing and supplying said city and its inhabitants and others with electrical energy for light, heat, power and other purposes, and at all said times was, and now is, constructing and erecting an electrical power transmission line and other facilities in its proprietary capacity in the said County of Clark, State of Nevada, for the transmission of electrical power and energy from the Boulder Dam in said county and state to the City of Los Angeles for the purpose of supplying said city and its inhabitants and others with electrical power and energy."

It is alleged in the complaint that said Daniel Nicoll at the time of said collision, which occurred on a public highway, in said Clark County, was an employee of the other defendants and acting within the scope of his employment in connection with the erection and construction of said power transmission lines and other facilities.

The return and answer show that the default of defendant Daniel Nicoll was duly entered in said action and that service of an alias summons issued therein, a copy of which, together with a copy of the complaint, was, as alleged in the petition, delivered to and left with the secretary of state or a deputy secretary of state of the State of Nevada. In connection with such delivery, it is alleged that said secretary of state was served with

process in said action in the manner and form as by law provided.

In connection with respondents' denial of the motion to quash the summons, as stated in the petition, it is denied in the return and answer that the appearance of the petitioner Department of Water and Power, on said motion, was a special appearance, and alleged that the same was a general appearance. The return and answer also show that the motion to quash was made upon the ground that said department is a municipal corporation of California and that said action can only be brought in the courts of that state.

Counsel for respondents did not present any argument as to the demurrer and we are of the opinion that it is without merit. It is overruled.

Petitioners contend that being municipal corporations of another state, respondents are without jurisdiction of them, (1) because municipal corporations can be sued only in the state of their situs, and (2) because the Nevada statutes do not confer jurisdiction over a municipal corporation by service on the secretary of state.

■ We will first dispose of some objections made by respondents. They contend petitioner Department of Water and Power made a general appearance on the motion to quash. We think not. No relief was sought by the motion other than on jurisdictional grounds. In fact, counsel for respondents in the argument in this court abandoned the position that the appearance on the motion itself was general, but contend that an order of the court made when the motion to quash was submitted for decision had that effect. The order relied on reads:

"The court at this time stated it would extend counsel for the defendants ten days after the decision of said motion, in which to further plead, if necessary."

Whether the extension of time was made at the instance of petitioner or by the court on its own motion does not appear.

Respondents contend, however, that this is immaterial;

and that petitioner, by availing itself of the extension, made a general appearance. The case of Longcor v. Atlantic Terra Cotta Co., 122 Minn. 245, 142 N. W. 310, 312, cited in support of this contention, does not sustain it, but holds to the contrary. In that case a petition and motion stating a special appearance for the purpose of excepting to the service of summons and complaint were presented and the court made an order for plaintiff to show cause why the same should not be set aside. The order also enlarged the time for answering in the event of the service being held sufficient. It does not appear whether the extension of time to answer was made at the request of defendant or on the court's own motion. The supreme court said this was immaterial, and held there was no general appearance. The court also said:

" * * * when objection to the jurisdiction is clearly made, the mere fact that he [defendant] is given and accepts an enlargement of the time to answer until his motion is disposed of cannot be held to be inconsistent with such objection, nor can it be said that he thereby assumed that jurisdiction exists. Any other rule would be altogether too technical for the practical administration of justice."

We are of the same opinion and hold that the order extending time in the instant case did not convert the special appearance into a general one.

◼ Another objection is that petitioners did not take an exception to the ruling of the court denying the motion to quash the summons. We think the failure to take exception is immaterial. This is an original proceeding and the lack of objection or exception in the lower court could in nowise affect the jurisdiction of this court, nor do we perceive why it should influence our discretion. The case of Burden et al. v. Stephens, 174 Okl. 312, 49 P. (2d) 1098, cited by respondents was not an original proceeding. It is not in point or analogous.

◼ Respondents state in their brief that prohibition

will not lie where there is a plain, speedy, and adequate remedy in the ordinary course of law. They present no argument to show that such a remedy is or was available to petitioners, but content themselves with the above statement and citation of the statute so providing. There is no such remedy by appeal from the order denying the motion to quash, Klepper v. Klepper, 51 Nev. 145, 271 P. 336, and we are aware of none with the statutory description.

■■ Has the lower court jurisdiction of the petitioner Department of Water and Power? Unless the service of summons on the secretary of state constituted service on that department, the court has no jurisdiction, for no other service is claimed. There is no statute in this state providing specifically for service of summons on a foreign municipal corporation. If such service is contemplated, it must be found within the intention of sections 8579, 8580, and 8581 of the Nevada Compiled Laws. The former, as amended, Stats. 1935, c. 20, p. 26, reads in part:

"The summons must be served by delivering a copy thereof attached to a certified copy of the complaint as follows: * * * 2. If the suit is against a foreign corporation, or a non-resident joint-stock company or association, doing business and having a managing or business agent, cashier, or secretary within this state; to such agent, cashier, or secretary, or to an agent designated in section 82; or in the event no such agent is designated as provided in section 82, to the secretary of state or the deputy secretary of state, as provided in section 83."

Section 8580 prescribes that:

"Every incorporated company or association created and existing under the laws of any other state, or territory, or foreign government, or the government of the United States, owning property or doing business in this state, shall appoint and keep in this state an agent upon whom all legal process may be served for such corporation or association. Such corporation shall file a

certificate, properly authenticated by the proper officers of such company, with the secretary of state, specifying the full name and residence of such agent."

The latter section provides:

"If any such company shall fail to appoint such agent, or fail to file such certificate for fifteen days after a vacancy occurs in such agency, on the production of a certificate of the secretary of state showing either fact, which certificate shall be conclusive evidence of the fact so certified to be made a part of the return of service, it shall be lawful to serve such company with any and all legal process, by delivering a copy to the secretary of state, or, in his absence, to any duly appointed and acting deputy secretary of state, and such service shall be valid to all intents and purposes: * * * *provided, further,* that before such service shall be authorized, the plaintiff shall make or cause to be made and filed, an affidavit setting forth the facts, showing that due diligence has been used to ascertain the whereabouts of the officers of such corporation, and the facts showing that direct or personal service on, or notice to, such corporation cannot be had; *and provided further,* that if it shall appear from such affidavit that there is a last-known address of such corporation, or any known officer thereof, the plaintiff shall, in addition to and after such service on the secretary of state, mail or cause to be mailed to such corporation, or to such known officer, at such address, by registered mail, a copy of the summons and a certified copy of the complaint, and in all such cases the defendant shall have forty days from the date of such mailing within which to appear in said action. This section shall be construed as giving an additional mode and manner of serving process, and as not affecting the validity of any other valid service."

The return and answer show that the plaintiff complied with the latter section in all respects, and respondents therefore claim that a valid service of summons was effected on petitioner Department of Water and Power.

Are the words "foreign corporations" and "incorporated company" found in the foregoing sections meant to include foreign municipal corporations? We think they will not bear that construction. The word "corporations" is never construed to include municipal corporations. It is uniformly conceded that the general statute regulating service upon corporations has no application to municipal corporations, and in the absence of an express statute in reference thereto service must be made in accordance with the common law. 20 Standard Ency. of Prac. p. 100; People ex rel. Howard v. Cairo, Ill., 50 Ill. 154; Cloud v. Pierce City, 86 Mo. 357.

Our legislature left no doubt on this score as to resident municipal corporations, for, after providing in said section 8579, as amended, for the manner of service of summons in a suit against a corporation formed under the laws of this state, it provided specifically in the same section for service of summons on a resident municipal corporation. In this respect the statute provides:

"5. If against a county, city, or town, to the chairman of the board of commissioners, president of the council or trustees, mayor of the city, or other head of the legislative department thereof."

As these sections were enacted contemporaneously, what reason exists for believing that the legislature intended the word "corporations" when employed as to corporations of other states to be more comprehensive and include municipalities of such other states? None that we can perceive. Besides, in sections 8580 and 8581, the legislature refers to a foreign corporation as designated in section 8579, as a company, and while a proper signification of the word "company" may include a corporation, it is not to be taken in the sense of a municipality. The intention of the legislature should be derived from the sections mentioned, and we should not speculate beyond the reasonable import of words.

We are referred to no authorities which hold that the word "company" may include a municipality.

The argument that the petitioner must be classed

as a private corporation, because, as contended by respondents, it came into this state in a proprietary capacity is altogether too tenuous. If the legislature had intended the section to apply to a foreign municipal corporation when exercising a particular class of powers, it probably would have made such distinction apparent.

■ Respondents say that while section 8581 N. C. L. would of itself be sufficient to authorize service upon the petitioner Department of Water and Power, section 4 of chapter 107, Stats. 1933, definitely defines its legal character and places it in the same category as any other foreign corporation doing business in this state. They quote the section.

"Any such municipal corporation so entering this state for the purpose of doing business herein shall be subject to the laws of this state relative to taxation, police regulations, and all laws and reasonable regulations specifically applicable to any particular business or activity in which such municipalities may engage, as the same are now, or hereafter may be made, that are applicable to foreign corporations doing like or similar business or work in this state."

We see no help for respondents' position in this statute. It does not provide for service of process on a foreign municipal corporation by serving the secretary of state or otherwise. Moreover, it is a legislative expression that foreign municipal corporations are not considered included in the term "foreign corporations," for they are distinguished, and certain laws of the state applicable to the latter are made applicable to the former.

■ It is contended by respondent that petitioner may not in this proceeding question the validity of the service because it did not complain of any insufficiency or irregularity of such service in the court below. Petitioner asserts that, while its argument there was devoted almost exclusively to the contention that it could be sued only in the county of its situs, that it was stated in the briefs in the trial court that petitioner did not concede the validity of the attempted service on the

secretary of state. The fact of the matter is immaterial. While this court has uniformly held that a point made for the first time on appeal will not be considered, the rule embraces only nonjurisdictional questions. Allen v. Ingalls, 33 Nev. 281, 282, 287, 111 P. 34, 114 P. 758, Ann. Cas. 1913E, 755. Moreover, the general rule quoted by respondents from 22 R. C. L. p. 27, that a writ of prohibition will not be issued to an inferior court unless the attention of the court whose proceedings it is sought to arrest has been called to the alleged lack or excess of jurisdiction is subject to several exceptions. One of these is where lack of jurisdiction is apparent on the face of the proceedings. 22 R. C. L. p. 28; Havemeyer v. Superior Court, 84 Cal. 327, 24 P. 121, 10 L. R. A. 627, 18 Am. St. Rep. 192; St. Louis, etc., R. Co. v. Wear, 135 Mo. 320, 36 S. W. 357, 658, 33 L. R. A. 341. This proceeding falls within that exception.

As the lower court is without jurisdiction for the reasons stated, it is unnecessary to determine petitioners' other point, that a municipal corporation is suable only in the state of its situs.

It is ordered that a peremptory writ of prohibition issue restraining the said Eighth judicial district court and judge thereof from further proceeding in said action.

## ON PETITION FOR REHEARING

August 10, 1937.

*Per Curiam:*

Rehearing denied.