ED. ROOT AND A. R. MORGAN, *partners as* ROOT AND MORGAN, *Co-partners,* v. SHERD A. COYLE.

(Filed September 6, 1905.)

1. **DEPOSITIONS—Objections to.** Objections or exceptions to the taking of depositions, other than for incompetency and irrelevancy, are waived, unless made and filed before the commencement of the trial.

2. **INSTRUCTIONS—Special Interrogatories.** It is not error to decline to require the jury to answer special interrogatories submitted when they are not material to any fact necessarily involved in the finding of the general verdict.

3. **NEW TRIAL—Misconduct of Juror.** It is not error for the trial court to refuse to grant a new trial on the ground of misconduct of one of the jurors, when it appears that no prejudice could have resulted to the unsuccessful party.

(Syllabus by the Court.)

*Error from the District Court of Comanche County; before Frank E. Gillette, Trial Judge.*

*A. E. Hammond* and *Stevens* and *Miller,* for plaintiff in error.

No appearance for defendant in error.

Opinion of the court by

HAINER, J. :    This was an action brought in the district court of Comanche county by the defendant in error against the plaintiffs in error, to recover the sum of $180.45, alleged to be due the defendant in error, plaintiff in the court below, for work and labor performed under a verbal contract, entered into with Root & Morgan, for the excavation for the

basement of a building erected in Lawton, and to foreclose a mechanic's lien.

The defendants filed an answer in which they admitted the partnership, and that the plaintiff was to excavate a basement fifty feet long and twenty-five feet wide, walls to be perpendicular, and nine feet below building grade, less forty-six yards excavated by the defendants prior to entering into the contract. It is further alleged that if the plaintiff complied with the contract, he was to receive the sum of forty-five cents per cubic yard. It is further alleged that the plaintiff failed to comply with the terms of his contract, and therefore the defendants were entitled to damages in the sum of two hundred and sixty dollars, for such alleged breach of contract. That time was declared to be of the essence of the contract, and that it was not completed within the time specified; and that there were other breaches of the contract. To this answer, the plaintiff filed a reply consisting of a general denial. Upon the issues joined, the cause was tried to a jury; a verdict was returned in favor of the plaintiff for $145 and costs; motion for new trial was duly filed and overruled, and exceptions reserved, and the case is brought here for review.

It is contended by the plaintiff in error that the court erred in refusing to strike out the paragraph of the plaintiff's petition relating to attorney's fees, for two reasons: First, that the action was not brought by an artisan or laborer; and second, that the act of the legislature providing for attorney's fees for an artisan or day laborer is invalid. The record discloses that no attorney's fees were allowed by the court, and hence if any error was committed by the court in refusing to strike out this paragraph of the petition, it was

harmless, and it is therefore unnecessary at this time to pass upon the validity of said statute.

It is next claimed that the court erred in not suppressing the deposition of J. W. Riley, on the ground that the envelope in which the deposition was transmitted was not endorsed as required by the statute. The motion to suppress this deposition appears on pages 21 and 22 of the record, but we find no ruling of the court upon this motion. However, on page 28 of the record, it appears that during the course of the trial, counsel for the defendants objected to the reading of the deposition of J. W. Riley, which objection was overruled, and exceptions noted. There was no error in this ruling of the trial court. The objection came too late, even conceding that it was well taken had it been seasonably made. Our statute, section 353 Code of Civil Procedure, provides:

"No exception other than for incompetency or irrelevancy shall be regarded, unless made and filed before the commencement of the trial."

It is true the motion to suppress the deposition was filed some time prior to the trial of the cause, but the record fails to disclose that it had been called to the attention of the trial court, and there appears to have been no ruling thereon. Hence, we think this objection is not well taken.

It is contended by plaintiffs in error that the court committed material error, for the reason that the two special interrogatories which were submitted by the defendants were not answered by the jury. These interrogatories were as follows:

"Q. 1. What was the value of the extra mason work at rear end of building?

"Q. 2. What was the value of extra mason work on north end of basement?"

It appears that these interrogatories were submitted to the jury, but were not answered, and at the time the general verdict was returned, counsel for defendants requested the court to require the jury to answer these questions, which the court declined to do. Section 275, of our code provides as follows:

"In all cases the jury shall render a general verdict, and the court shall in any case at the request of the parties thereto, or either of them, in addition to the general verdict, direct the jury to find upon particular questions of fact, to be stated in writing by the party or parties requesting the same."

This provision of our statute is specific and mandatory, where the special questions submitted by either party are material to any issue involved in the case. There was no error in refusing to require the jury to answer these questions; since they were not material to any fact necessarily involved in the finding of the general verdict. No recovery was sought by the plaintiff for extra mason work, but the action was based solely upon the verbal contract for work performed in excavating dirt for the building.

Lastly, it is urged by the plaintiffs in error that the court erred in refusing to award a new trial on the ground of misconduct of one of the jurors during the deliberation of the jury in the jury room, and in support of this contention the affidavit of S. D. Stephenson was offered, which in substance stated that he had heard one of the jurors, whose name was to him unknown, state, while deliberating upon their verdict, that he knew all about the case before he heard the evidence, and also made remarks showing, if true, that the juror entertained bias and prejudice against one of the defendants. The evidence in regard to the examination of the jurors does

not appear to have been preserved, and it is not embraced in the case made, and there is no showing by the appellants that the alleged disqualification was not known to the plaintiffs in error at the time the jury was accepted to try the cause. Hence we think the showing was insufficient to require the granting of a new trial. Moreover, a review of the entire evidence convinces us that the jury reached the proper verdict in this case, and that no prejudice resulted by reason of the alleged misconduct of one of the jurors. In short, we are unable to perceive how the jury could have reached any other conclusion, and in view of all of the evidence we think that the amount of the verdict was fully sustained by the great weight of the testimony.

Finding no error in the record prejudicial to the rights of the appellants, and believing that justice has been done, the judgment of the district court is affirmed, at the costs of the appellants.

Gillette, J., who presided in the court below, not sitting; all the other Justices concurring.