## ROBINSON v. TERRITORY OF OKLAHOMA.

(Circuit Court of Appeals, Eighth Circuit.   November 9, 1906.)

No. 2,416.

JURY—ELIGIBILITY OF JUROR—DEPUTY SHERIFF UNDER OKLAHOMA STATUTE.

Wilson's Rev. & Ann. St. Okl. 1903, § 3308, which disqualifies sheriffs from performing jury service, applies as well to deputies as to principal sheriffs, and such an officer, when challenged for such cause, is not eligible to sit on a jury in a criminal case.

In Error to the Supreme Court of the Territory of Oklahoma. For opinion below, see 85 Pac. 451.

The plaintiff in error was indicted in the district court of the territory of Oklahoma within and for Caddo county for the crime of manslaughter in the first degree.   The case came on for trial, and resulted in his conviction and sentence to a term of eight years in the penitentiary.   An appeal was prosecuted by him to the Supreme Court of the territory, where the judgment of the trial court was affirmed, and a writ of error brings the case here for a review of the proceedings resulting in that judgment.

Stillwell H. Russell, E. L. Fulton, and Henry H. Howard, for plaintiff in error.

Don. C. Smith (W. Cromwell, on the brief), for the Territory.

Before VAN DEVANTER and ADAMS, Circuit Judges, and PHILIPS, District Judge.

ADAMS, Circuit Judge.   The only question argued by counsel, and one which they both admit is decisive of the case, is whether one McCracken, who was impaneled and sworn as one of the petit jurors to try the case, was a competent juror.   The printed record on this question is in the following words:

"One R. A. McCracken was sworn as a juryman to answer questions touching his qualifications to sit and act as a juror in said cause.   Said McCracken testified as follows, to wit:   *  *  *  'Q. Are you a deputy sheriff in this county? A. I have a commission.   I am not a regular working sheriff.   Q. You hold a commission as a deputy sheriff?   A. Yes, sir.'   Defendant challenges juror for cause.   Challenge is by the court overruled.   Defendant excepts to ·ruling of court."

Did the court err in overruling the challenge?   The Supreme Court assigned two reasons for sustaining the action of the trial court:   First, that the record did not disclose that the foregoing constituted all the evidence taken on the question of the juror's incompetency;   and, second, that, if it did, the challenge was too general to secure consideration.   That court appears to have been mistaken about the facts pertaining to this matter.   It is said in its opinion that:

"It is apparent that the record presented does not contain a complete record of the examination and testimony of the juror upon his voir dire."

It refers in its opinion to the certificate of the official stenographer, following the testimony of McCracken, to the effect that it constituted all the evidence, as its justification for the statement quoted.   That

certificate is not the proper authentication of a record for the purpose of appeal; but, acting upon it, the court might well say it did not appear that all the evidence was preserved.

The court, in assigning as a reason for sustaining the ruling of the trial court that the challenge was too general, was also, we think, laboring under a misapprehension. While the challenge as it appears in connection with the examination of the juror is general, the record does not leave it in that form. After the certificate of the stenographer, there appears as a part of the bill of exceptions, signed by the trial judge, as disclosed by the original transcript, to which we have resorted, the following:

"That the above and foregoing is all the evidence and testimony given on the examination of said juror. That thereupon the said defendant challenged said juror for cause, and for the reason and on the ground that the said Mc-Cracken, being a deputy sheriff of Caddo county, Oklahoma Territory, was by reason thereof incompetent and disqualified to sit and act as a juror in said cause. Which said challenge was by the court overruled and denied. To which said ruling of the court the defendant at the time excepted."

From the foregoing it appears that the record is sufficient to secure a consideration of the question presented on its merits. The evidence is all here, and the challenge was not general, but highly specific and definite.

Counsel for the territory now contend that the testimony does not show that McCracken was in fact a deputy sheriff; that the holding of a commission by him does not establish that he had qualified under it. There is no merit in this refinement. The evidence was properly treated as prima facie proof that he was a deputy sheriff, and if it was susceptible of any doubtful meaning counsel for the territory and the trial court obviously did not so treat it. The language of the challenge as made interpreted the evidence to be sufficient for that purpose, and opposing counsel, by not objecting to that interpretation and by permitting the court to act upon it, cannot now be heard to say to the contrary. The court ruled that, although McCracken was a deputy sheriff of Caddo county he was competent and qualified to act as a juror in the case. Whether the court was right or wrong in that ruling is the only question before us.

Section 3308, Wilson's Rev. & Ann. St. Okl. 1903, disqualifies sheriffs from performing jury service. This disqualification is the expression of a wise public policy. The sheriff is a public officer. His emoluments consist of fees fixed by law for the performance of his official duties. Among these duties are serving process, collecting judgments, boarding prisoners, taking convicts to the penitentiary, and the like (section 2995), many of which and the fees receivable for performing them depend upon whether a judgment is recovered by the plaintiff or a conviction secured by the territory. It is so manifestly improper for a sheriff to be a juror, and thereby enabled to aid in securing judgments from which he could be possibly benefited, that the wisdom of the law in disqualifying him for that purpose is obvious. The sheriff may appoint deputies (section 2995) who, when qualified, are empowered to perform any acts which he may lawfully perform (section 4916), and may receive therefor 60 per cent. of the total fees

to which the sheriff is by law entitled (section 2995). Every reason of public policy which disqualifies a sheriff for jury service appertains to a deputy sheriff, and the latter falls, not only within the reason of the rule disqualifying the former, but within the letter of the statute disqualifying "sheriffs." Within the purview of this statute a deputy is no less a "sheriff" because he is not chief. We think the district court erred in overruling defendant's challenge to Juror McCracken, and that the Supreme Court of the territory erred in not reversing the judgment for that reason.

The judgment must be reversed, and the cause remanded to the district court within and for Caddo county, with instructions to grant a new trial.