## BENECKE v. JOHNSON.

No. 12198—Opinion Filed Dec. 4, 1923.

### 1. Sufficiency of Evidence.

Record examined, and held, there was sufficient evidence to support the verdict.

### 2. Appeal and Error—Presentation of Error Below—Instructions.

Where error is predicated upon an instruction to the jury which was not presented to the trial court by the motion for a new trial, such error cannot be considered by this court.

(Syllabus by Ray, C.)

Commissioners' Opinion, Division No. 1.

Error from District Court, Garfield County; J. C. Robberts, Judge.

Action by H. C. Benecke against Charles C. Johnson. Judgment for defendant, and plaintiff appeals. Affirmed.

McKeever & Moore, for plaintiff in error.

Curran & Kruse, for defendant in error.

Opinion by RAY, C. Following is the entire argument contained in plaintiff in error's brief:

"Motion for a new trial was filed and overruled which is charged as error, and the two principal errors complained of are:

"(1) That the verdict is absolutely contrary to the evidence and law, and

"(2) That instruction number six is not a fair statement of the law by the court and is prejudicial to the plaintiff.

"With reference to our first complaint of this verdict above set out, that it is contrary to the law and evidence in the case, the defendant himself being the only one whose testimony gave any information as to his knowledge of the infirmities of the note at the time he purchased it, which we contend is conclusive that he was an innocent purchaser.

"We ask the court to find absolutely that he was an innocent purchaser of this note, and to do this we recognize the fact that courts refuse to disturb the verdict of the jury only in exceptional cases, and this, we think, is one of those cases.

"With reference to the second complaint above, being instruction six by the court, we submit that in attempting to state the rule, the court has committed error in the manner of its statement in that instead of instructing the jury that they must find from all the facts and circumstances, the court says, 'if you fail to find,' which instructs the jury that a verdict can be returned upon their failure to do a thing which the law requires them to do, and also in a way is a prejudicial statement to the jury, and indicates favor in behalf of the defendant, though it is not contended by us that such was in the mind of the court.."

Following are the grounds upon which the trial court was asked to grant a new trial:

"(1) Irregularity in the proceedings of the jury by which the plaintiff was prevented in having a fair trial.

"(2) Misconduct of the jury in wholly and totally disregarding the evidence in the case and finding a verdict on prejudice and sympathy without either law or facts to sustain such verdict.

"(3) Errors of law occurring at the trial and excepted to by the plaintiff in the following particulars:

"1. Permitting evidence offered by the defendant over the objection of the plaintiff;

"2. Permitting the defendant's counsel to repeat and continually ask and harass the plaintiff on the witness stand, over the objections of the plaintiff;

"(4) That the verdict is not sustained by the evidence and is contrary to law."

1. This is not one of the exceptional cases referred to. There was sufficient evidence to support the verdict.

2. The error in the instruction complained of was not brought to the attention of the trial court by the motion for a new trial, and cannot be considered in this court. Affirmed.

By the Court: It is so ordered.