## FARMERS' GUARANTY STATE BANK v. BRATCHER et al.

No. 13772—Opinion Filed Nov. 10, 1925.

### 1. Trial—Refusal of Instruction on Weight of Evidence.

It is not error to refuse a requested instruction which is, in effect, an instruction upon the weight to be given evidence adduced upon a material issue in the case.

### 2. Same—Refusal of Request Covered in Charge.

It is not error to refuse a requested instruction when the law stated in the requested instruction is declared in the court's instructions.

### 3. Appeal and Error—Questions of Fact— Conclusiveness of Verdict.

Questions of fact in the trial of a case to a jury, are for consideration of the jury, and the verdict of the jury will not be set aside on appeal because of insufficiency of the evidence, where there was competent evidence adduced, reasonably supporting the conclusions reached by the jury as expressed in its verdict.

### 4. Same—Judgment Sustained.

Record examined: and held, to support the verdict and judgment.

(Syllabus by Shackelford, C.)

Commissioners' Opinion, Division No. 4.

Error from District Court, Carter County; Thos. W. Champion, Judge.

Action by Farmers State Guaranty Bank against R. F. Bratcher, W. H. Richardson, and M. H. Bratcher. Judgment for defendant M. H. Bratcher, and plaintiff appeals. Affirmed.

Sigler & Jackson, for plaintiff in error.

W. F. Bowman and Champion, Champion & George, for defendant in error M. H. Bratcher.

Opinion by SHACKELFORD, C. The plaintiff in error was the plaintiff below, and the defendant in error, M. H. Bratcher, was one of the defendants. The parties will be referred to herein as plaintiff and defendant, as they appeared in the trial court.

The plaintiff brought suit on the 11th of May, 1921, upon a promissory note for the unpaid balance of $5,604.01, with interest and attorney fee as provided in the note. Summons was duly served upon the defendant M. H. Bratcher, and on the 20th of June, 1921, and in the May, 1921, term of the district court, the trial court rendered a default judgment against him, and the cause was continued as to the other defendants. On the 16th of July, 1921, the May, 1921, term of the district court of Carter county was adjourned sine die. On the 18th of July, 1921, the defendant M. H. Bratcher filed a petition in the same case, to vacate the default judgment rendered against him on the 20th of June, 1921. In his petition to vacate the judgment, he charges that such default judgment was procured by fraud of the prevailing party, in that immediately after he was served with summons, he went to plaintiff's place of business and showed plaintiff's officers that he had a good defense to its action, and plaintiff's officers assured him that the action would be dismissed as to him; and, relying upon such assurance, he filed no answer; but in disregard of the assurance given, the judgment was taken against him. He further alleges that he has a good and valid defense to plaintiff's action, and tenders an answer which is made a part of the petition to vacate the default judgment. The petition to vacate the default judgment is verified by the petitioner. The answer tenders the defense that he did not execute the note sued on. The answer is also verified by M. H. Bratcher. The plaintiff answered the petition to vacate the default judgment by a verified denial. A trial was had upon the petition to vacate the default judgment and the answer thereto, and testimony was taken. A judgment was entered on the 24th of November, 1921, in favor of the petitioner, vacating the default judgment; and the answer tendered was directed to be filed as the answer to the plaintiff's petition suing upon the note. The plaintiff replied to the defendant's answer, (1) by general denial; and (2) that as soon as the note sued on was received by plaintiff, it notified M. H. Bratcher, and he did not then disclose that he had not signed the note; and plaintiff relied upon the genuineness of the note and changed its position with reference to certain security to its detriment, and that the defendant is estopped to set up the defense that he did not execute the note.

The cause was called for trial on the 28th of March, 1922, and tried to a jury, resulting in a verdict and judgment for M. H. Bratcher. On the 30th of March, 1922, the plaintiff filed a motion for a new trial, which was overruled; and filed petition in error with case-made attached in the Supreme Court on the 16th of September, 1922. Plaintiff presents the following assignments of error: (1) The court erred in setting aside the default judgment against M. H. Bratcher. (2) The court erred in refusing instructions Nos. 1 and 2, requested by the plaintiff. (3) The judgment is contrary to the evidence.

The proceeding to vacate the default judgment taken against M. H. Bratcher was brought under subdivision 4 of section 810, Comp. St. 1921 (subd. 4, sec. 5267, Rev. Laws 1910), which provides that judgments may be set aside "for fraud, practiced by the successful party in obtaining the judgment or order." Section 812, Comp. St. 1921, provides that the proceeding shall be initiated by verified petition. This was done, and plaintiff answered the petition to vacate the default judgment, and a trial was had upon the pleadings, and evidence was taken and submitted to the court by the respective parties, and upon the pleadings and evidence the default judgment was vacated. Upon the assignment of error, the plaintiff seeks to have this court review the evidence submitted to determine whether it is sufficient to support the judgment vacating and setting aside the default judgment. It seems that the proceeding to vacate the judgment is an equitable proceeding, and in consideration of the record, equitable rules should apply. The rule applicable seems to be that the court should examine and weigh the evidence, but the judgment will not be disturbed unless it is found that the judgment is against the clear weight of the evidence. It also seems that the matter of vacating and setting aside a former judgment, and directing answer to be filed, when the statutory requirements in such matter have been met, rests very largely in the discretion of the trial judge having the matter in control. We are unable to say, after an examination of the record here presented, that the order and judgment setting aside the former default judgment was against the clear weight of the evidence, or that the trial court abused the discretion reposed in him in that behalf.

The second assignment of error is that the court refused to give plaintiff's requested instructions Nos. 1 and 2. The plaintiff's evidence tended to show that on receipt of the note sued upon, letters were mailed to the defendant M. H. Bratcher, calling his attention to the fact of having received the note, and no response was made by him advising the plaintiff that he did not sign the note and that it was a forgery as to him. The defendant, in his testimony, denied having received any such letters. The first instruction requested has the effect of telling the jury that the fact that the letters had been mailed raises a presumption that the letters had been received by the defendant, and that such presumption had not been overcome. The court refused to give the instruction; but submitted the matter to the jury as a question of fact for their determination as to whether the defendant had been notified that plaintiff had received the note. This was proper. Mailing the letters raised a strong presumption that they had been received; but in the face of the defendant's denial that he had received them, to advise the jury that such presumption had not been overcome would have been an unwarranted invasion of the province of the jury upon that important question of fact. One of the main issues of fact was whether defendant M. H. Bratcher had been notified by plaintiff of the receipt of the note. The instruction entirely ignored the defendant's denial of having received the notice, and would have been equivalent to saying to the jury that plaintiff mailed the notice and the defendant received it, and the jury should disbelieve the defendant's denial. The requested instruction had the vice of being clearly an instruction upon the weight of the evidence, and it was not error to refuse it.

The second instruction presented matters which were amply taken care of in the court's instructions.

In the trial of this case there were two outstanding questions of fact for consideration: (1) Did the defendant M. H. Bratcher execute the note; and (2) if he did not, was he notified by the bank that it held the note purporting to have been signed by him, after which notice he did not repudiate the note, but conducted himself in such manner as to lead the bank to believe the note to be genuine? The defendant Bratcher testified that he did not execute the note; and never received notice from the bank that it held a note purporting to have been signed by him until the note was presented for collection. The evidence was conflicting upon both issues, and required that they be submitted to the jury. The jury returned a verdict for defendant M. H. Bratcher.

We have examined the instructions giv-

en by the court, and find that the issues were properly submitted to the jury. The verdict returned in favor of M. H. Bratcher amounted to finding that he did not execute the note, and that he was not notified concerning the note until it was presented for collection; and the evidence reasonably supports the conclusion, and we are not at liberty to disregard the verdict. The judgment in favor of M. H. Bratcher is upon the verdict of the jury in his favor.

The judgment of the trial court in favor of M. H. Bratcher should be affirmed.

By the Court: It is so ordered.

Note.—See under (1) 38 Cyc. pp. 1647, 1707. (2) 38 Cyc. p. 1707. (3) 4 C. J. p. 853, § 2834; 38 Cyc. p. 1512. (4) 4 C. J. p. 853 § 2834.