## LOCKE et al. v. FIRST NAT. BANK OF ARDMORE.

No. 15784—Opinion Filed Feb. 2, 1926.

Rehearing Denied June 8, 1926.

(Syllabus.)

1. Appearance—"General Appearance" After Special Appearance.

Where a party to an action enters a special appearance and moves to quash the summons or service because of alleged defects therein, and without such motion having been disposed of files his demurrer or answer and participates in the trial of the case, such action constitutes a "general appearance" which gives the court jurisdiction over the persons thus appearing.

2. Same—Defects in Process Waived by Asking Affirmative Relief.

Where a defendant, who has been served with summons by publication, enters a special appearance and moves to quash the summons and service by reason of alleged defects therein, and afterwards asks affirmative relief in the action without having his motion disposed of, he thereby invokes the

jurisdiction of the court in a matter not necessary to his defense and thereby waives any defects in the summons or service by publication.

## 3. Bills and Notes—Guaranty—Parties Defendant in Single Action.

Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of plaintiff, and a guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal and without demand or notice.

Appeal from District Court, Carter County; Frank Mathews, Assigned, Judge.

Action by the First National Bank of Ardmore, against Joseph F. Locke and J. E. Whitehead. Judgment for plaintiff, and defendant Whitehead appeals. Affirmed.

J. A. Bass and C. H. Davis, for plaintiff in error J. E. Whitehead.

H. C. Potterf, Earl Q. Gray, and J. M. Poindexter, for defendant in error.

PHELPS, J. The parties will be referred to herein as they appeared in the trial court.

The plaintiff, First National Bank of Ardmore, brought suit against Joseph L. Locke and J. E. Whitehead upon two promissory notes executed by Locke to the plaintiff and upon the written guarantee of the payment of the notes by Whitehead. Service on Whitehead was attempted to be obtained by publication. The cause was tried to a jury, and upon the jury's verdict the attachment issued and levied upon the property of Whitehead was sustained and judgment was rendered against defendants, to reverse which Whitehead prosecutes this appeal.

In his briefs Whitehead insists that the judgment should be reversed because of the irregularity of the summons or publication notice, alleging that the same was void because it did not run in the name of the state; that it was issued by the plaintiff instead of by the clerk; that a copy of the summons and petition was not mailed to him at his last known place of residence as required by statute; that the summons or notice was not published within 60 days after the commencement of the suit as required by law, and that the name of the defendant was given in the summons as J. F. Whitehead instead of J. E. Whitehead. To the attack on the summons, however, we are not disposed to devote much attention, for the reason that the record before us discloses that the defendant Whitehead filed a motion to quash the summons and service; he then

filed a demurrer to the petition signed by Cruce & Potter, his attorneys, and four days later he filed another demurrer signed by himself as attorney for the defendant, and following that he filed his answer, and so far as the record discloses, neither the motion to quash nor the demurrers were ever disposed of, and upon the trial he asked for and received affirmative relief, in that the court decreed:

"That he have judgment over and against the defendant J. F. Locke for any sum that may be paid by the defendant Whitehead herein."

Therefore, under the well-settled law of this state, whatever defects may have appeared in the summons or service, they were waived when he submitted to the jurisdiction of the court by filing his demurrer and answer without his motion to quash having been disposed of, and at the trial of the cause by asking for and receiving affirmative relief. Oates v. Freeman, 57 Okla. 449, 157 Pac. 74; Henderson v. Pebworth, 90 Okla. 187, 216 Pac. 472; Shufeldt v. Jefcoat, 50 Okla. 790, 151 Pac. 595; Hamra v. Fitzpatrick, 55 Okla. 780, 154 Pac. 665; Matson v. Kennecott Mines Co. (Wash.) 175 Pac. 181; Merchants Heat & Light Co. v. Clow, 204 U. S. 286, 27 Sup. Ct. Rep. 285, 51 L. Ed. 488.

Plaintiff in error further claims that the judgment of the trial court should be reversed for the reason that there was a misjoinder of parties and of causes of action. We think there is no merit in this contention. The basis of the action against Whitehead was a letter he wrote to the plaintiff bank, in which he said, referring to Locke:

"If you will allow him a line of credit, say not to exceed $1,000.00, I will appreciate it very much, and I hereby guarantee payment thereof, and agree to hold you and your bank harmless from any losses in connection therewith."

Upon this letter the bank made a loan of $1,000 to Locke, taking his promissory notes therefor, and upon his failure to pay the notes the suit was commenced against both Locke and Whitehead, alleging both the notes and the guarantee as the basis for the cause of action. Section 222, Comp. Stats. 1921, provides that:

"Persons severally liable upon the same obligation or instrument, including the parties to bills of exchange and promissory notes, and indorsers and guarantors, may all or any of them be included in the same action, at the option of the plaintiff."

And section 5134, Comp. Stats. 1921, provides that:

"A guarantor of payment or performance is liable to the guarantee immediately upon the default of the principal, and without demand or notice."

Even if there was merit in this contention of plaintiff in error, the record discloses that that question was never raised until the appeal reached this court, except in one of the two demurrers filed by Whitehead, and the record fails to disclose that the demurrer was ever disposed of, and when he filed his answer without having the demurrer disposed of, he thereby abandoned the demurrer.

The judgment of the trial court is affirmed.

All the Justices concur.

Note.—See under (1) 4 C. J. p. 1335 §28; p. 1337 §29; p. 1365 §66; anno. L. R. A. 1916E, 1085; 2 R. C. L. p. 327; 1 R. C. L. Supp. 501; 4 R. C. L. Supp. p. 106. (2) 4 C. J. p. 1365 §66; 2 R. C. L. p. 337; 1 R. C. L. Supp. p. 508; 4 R. C. L. Supp. p. 107; 5 R. C. L. Supp. 95. (3) 8 C. J. p. 852 §1113; p. 856 §1117.