## PETERS v. WHITE.

No. 24011.    Oct. 23, 1934.

Withdrawn, Corrected, Refiled, and Rehearing Denied Dec. 4, 1934.

Application for Leave to File Second Petition for Rehearing Denied Dec. 8, 1934.

W. D. Woolley (Sam A. Neely and Barns McCain, on the brief), for plaintiff in error.

W. A. Chase, for defendant in error.

WELCH, J. The parties will be referred to as they appeared in the trial court, where defendant in error, Fannie White, was plaintiff, and the plaintiff in error, W. C. Peters, was defendant.

Several months prior to the institution of this suit, the defendant had represented the plaintiff as her attorney in the prosecution of a suit against a life insurance company for recovery on a policy of life insurance. That suit was terminated successfully for the plaintiff, and the defendant, as plaintiff's attorney, received from the insurance company in settlement of the judgment the total sum of $1,333.20. Shortly thereafter the defendant gave to plaintiff his check for $577.50, as her net portion of the proceeds of the recovery.

Several months later the plaintiff instituted this suit, alleging that the defendant had failed to pay her a just portion of the proceeds of the insurance policy. She alleged that the defendant agreed to represent her for a fee of $250, and that she was therefore entitled to an additional sum of $468.20, for which amount she sought judgment. The defendant's answer was to the effect that plaintiff had agreed to pay him 50 per cent. of the net proceeds of the recovery, after deducting therefrom all of his expenses incurred in the prosecution of the suit. The defendant contended that such expenses amounted to $283.15. The cause was tried to a jury, resulting in a verdict in favor of plaintiff in the sum of $350.45, for which amount judgment was rendered against the defendant. The defendant filed a motion for new trial, alleging numerous errors of the court, and, in addition thereto, the ground of newly discovered evidence. The motion for new trial was overruled, and the defendant brings the case here for review.

The first question presented is that the verdict of the jury is not supported by the evidence, and is necessarily based upon conjecture, and is a compromise verdict reached

by the jury in disregard of the evidence and instructions of the court. The contention being that under the evidence the plaintiff was entitled to a judgment of $468.20, the amount sued for or nothing, upon the theory that the jury was bound to fully accept the contentions of plaintiff, or to fully accept the contention of defendant. The defendant insists there was no evidence upon which the jury could base a verdict for $350.45. We do not agree to that contention for these reasons. There was dispute in the evidence as to the amount of the fee, and as to the items of expense. The defendant introduced an itemized list of the expenses claimed. It is quite evident that the jury adopted plaintiff's theory that the fee was $250, and adopted defendant's theory that he was to be reimbursed some expenses. The result of the verdict does not allow defendant all of the expenses he claimed, but apparently does allow him his fee of $250, and approximately $155 as expenses. It was within the province of the jury to determine these matters of controversy. They were reasonably determined. The evidence justified the conclusion reached. We must conclude the verdict is supported by competent evidence, and should therefore not be disturbed on that ground. Swindler v. Selby, 130 Okla. 294, 267 P. 471.

The next question is that one of the jurors was a deputy sheriff of the county wherein the cause was tried, and participated in the verdict, and that this fact was not known to the defendant until after the trial of the cause. That by section 805, O. S. 1931, such person was disqualified to serve as a juror, and that the trial court should have sustained the defendant's motion for a new trial on that ground.

Some question is raised here as to whether or not this person was a deputy sheriff within the meaning of section 805, supra, and the defendant cites a number of authorities tending to sustain his position that this juror came within the disqualifications enumerated in the section of the statute referred to. We do not determine that particular question for the reason that it appears unnecessary under the facts here, inasmuch as the jury service had already been performed before the question was raised. The defendant cites Robinson v. Territory of Oklahoma, 148 F. 830; Gaff v. State, 155 Ind. 277, 58 N. E. 74, and Reeson v. State, 41 Okla. Cr. 298, 272 P. 1033, in support of his contention on this point. The first two cases cited deal with civil cases in which the juror, upon examination, was challenged as being disqualified under the statute, and the inherent disqualifications of the juror discussed in those cases are not apparent in this case. The last case is a criminal case, but is based largely upon a showing that the defendant therein had not received a fair and impartial trial. The defendant there was charged with the violation of the prohibition law, and it was shown that the juror had been, a short time previously, commissioned by the sheriff as a special deputy to aid in the enforcement of the prohibition laws, and that he was actively engaged in such work. It was also shown that during the trial of the case this particular juror conferred with the sheriff, or other deputies, concerning certain arrests for liquor law violation. There was in that case ample ground for the conclusion that the defendant had, in fact, been prejudiced, and had been denied a fair trial.

In the case at bar, the exact opposite is shown. It was merely incidental here, and wholly unimportant to the validity of the verdict, that one of the jurors had a commission as a deputy sheriff. Had that been inquired about, and that fact been developed and made the basis to a challenge of the juror for cause, it might well have been sustained, but the cause having been tried and the verdict rendered, it was incumbent on the defendant to show some prejudice resulting from the fact that this juror had served.

The rule is stated in 16 R. C. L. at page 288, paragraph 103, as follows:

"* * * but generally speaking, a verdict will not be set aside for a disqualification not inherent or necessarily of a prejudicial nature, though the losing party did not know of such disqualification until after the verdict."

In Raub v. Carpenter, 187 U. S. 159, 47 L. Ed. 119, the Supreme Court of the United States considered a similar question. There the verdict was attacked and new trial sought because one of the jurors was under legal age and had been several times convicted of petit larceny, whereas, in his voir dire examination, he had falsely answered that he was past legal age and had never been convicted of crime. The conclusion reached was that the verdict was not void, and, in substance, that the new trial was properly denied, because no prejudice was shown by the service of such juror. In the body of the opinion it was said:

"In Wassum v. Feeney, 121 Mass. 93, 23 Am. Rep. 258, the rule that 'when a party has had an opportunity of challenge, no disqualification of a juror entitles him to a new trial after verdict,' was applied, and

it was held that 'a verdict will not be set aside because one of the jurors was an infant, where his name was on the list of jurors returned and impaneled, though the losing party did not know of the infancy until after the verdict.' And Mr. Justice Gray, then Chief Justice of Massachusetts, delivering the opinion, cited, among other cases, Hill v. Yates, 12 East. 229, where the son of a juryman unlawfully served in his father's place, and pointed out that Lord Ellenborough there 'said that he had mentioned the case to all the judges, and they were all of opinion that it was a matter within their discretion to grant or refuse a new trial on such a ground; that if no injustice had been done, they would not interfere in this mode.' "

And in concluding the opinion it was said: ·

"No reason is perceived why this particular objection could not be waived by the parties, and even where a party by reason of excusable want of knowledge might be entitled to claim that he had not waived it, that would go to the merits on application for new trial, and not to the want of power. The verdict and judgment not being absolutely void, it is unnecessary to pursue the subject further, as there is nothing to show that injustice was done to caveators, and the trial court did not abuse its discretion in the premises. Judgment affirmed."

In State v. Durnam, 73 Minn. 150, 75 N. W. 1127, we find the following language:

"The doctrine is as old as the common law that no objection could be taken to any incompetency of a juror after he was accepted and sworn. Wharton's Case, Yelv. 24. While this doctrine may have been somewhat modified in modern times, yet the general rule (and the better one on principle) still is: First, no objection can be taken to any incompetency in a juror (existing at the time he was called) after he is accepted and sworn, if the fact was known to the party, and he was silent; second, and, even if not discovered until after verdict, the cause of challenge will not per se constitute ground for a new trial. In such case only the discretion of the court can be appealed to, which will consider the nature of the objection to the juror, what diligence the party exercised to ascertain the fact in due time, and the other circumstances of the case."

In the instant case the juror had been given a commission by the sheriff for the sole purpose of permitting him to carry a pistol in the performance of his duties as a watchman for some private individual or concern. He had not theretofore, nor was it contemplated that he would in the future, perform any of the regular or usual duties of a deputy sheriff, nor had he subscribed to an oath of office. It is, indeed, question-able whether or not he was in fact a deputy sheriff as contemplated by section 805, supra; however that may be, there are no facts or circumstances here which would remotely indicate that the alleged disqualification of the juror was inherently or necessarily of a prejudicial nature, or that any injustice was done by his service as such juror. It is, therefore, our conclusion that the question thus presented to the trial court was a matter within its sound judicial discretion, and there being nothing to show that such service was inherently or necessarily of a prejudicial nature, and no showing that the defendant's rights were in any way prejudiced, the trial court did not abuse its discretion in overruling the motion.

The last question presented is the alleged error of the court in refusing to grant a new trial upon the grounds of newly discovered evidence. An examination of the record discloses at once that the motion is unverified. It is true that there are affidavits attached to the motion which contain the new evidence offered, and these affidavits are sworn to by the several witnesses. Such a motion is insufficient. In Bellis v. Radabaugh, 134 Okla. 9, 272 P. 423, this court in dealing with that identical question held:

"Under section 575, C. O. S. 1921 (sec. 401, O. S. 1931), a motion for a new trial on the ground of newly discovered evidence must be verified, showing the truth of the matters alleged. It is not enough to attach an affidavit of the witness as to what his testimony would be, leaving the allegations as to diligence, etc., unverified."

See, also, Thompson v. Martin, 138 Okla. 138, 280 P. 589; Bryan v. Ramsey, 115 Okla. 133, 242 P. 222.

Finding no error, the cause is affirmed.

RILEY, C. J., and SWINDALL, McNEILL, and BUSBY, JJ., concur. CULLISON, V. C. J., and ANDREWS, OSBORN, and BAYLESS, JJ., absent.