**BURDEN et al. v. STEPHENS.**

No. 23732.   Sept. 17, 1935.

Rehearing Denied Oct. 22, 1935.

W. L. Chapman and John F. Pendleton, for plaintiffs in error.

Park Wyatt and Byron Lamun, for defendant in error.

PER CURIAM. The facts in this case in brief are as follows: William J. T. Stephens brought suit to recover from the defendants, W. A. Burden and George Grimes, actual damages in the sum of $10,000, and exemplary damages in the sum of $15,000, for personal injuries allegedly sustained by the said Stephens in an assault and battery committed on him by the defendants on or about the 29th day of April, 1930.

It is alleged, and seems to be admitted by all parties, that the plaintiff was at the time of said alleged assault crippled, and was obliged to use crutches in walking and get-

ting about, and the plaintiff contends that the defendants, knowing of this crippled condition, nevertheless wantonly, willfully, maliciously, and without cause or provocation, assaulted him, knocking him down into a ditch and beating and battering him to such extent that he sustained serious and permanent injuries, from which he had not hitherto suffered, and to such extent that the injuries from which he had suffered prior to such assault were greatly aggravated and made worse; and that as a result he was further permanently incapacitated and suffered, and still suffers, great pain and anguish.

The defendants deny generally the allegations of plaintiff's petition, and further contend in effect that the plaintiff was the aggressor, and that the defendants were forced to defend themselves from the plaintiff, and in so doing used only such force as was necessary to protect themselves; and further contend that they did not injure the plaintiff nor cause the injuries from which he complains, but that said injuries were the result of his previous physical condition.

The jury found generally in favor of plaintiff and against the defendants, and rendered a verdict against the defendants for the sum of $2,500 actual damages and $1,000 exemplary damages, and judgment was entered by the trial court accordingly.

The first question urged in the brief of plaintiffs in error is that the superior court of Pottawatomie county had no jurisdiction over the person of the defendant Burden, for the reason that he was a resident of Nowata county, Okla., while the defendant Grimes was a resident of Pottawatomie county; that summons was served on the defendant Grimes in Pottawatomie county, and that a summons was issued out of the superior court of that county, directed to the sheriff of Nowata county, and served on the defendant Burden in that county; that there was no sufficient evidence to sustain a verdict against the defendant Grimes, and that therefore the superior court of Pottawatomie county had no jurisdiction over the defendant Burden.

No authorities whatever are cited in support of this contention, and this alone would probably justify this court in ignoring this contention; but wholly aside from whether or not the evidence would sustain a verdict against the defendant Grimes, an examination of the case-made discloses that the said defendant Burden filed a motion to quash the summons and service thereof as

to him, and that the trial court overruled said motion, but the defendant reserved no exceptions whatever to the order of the court in overruling said motion, and thereafter entered a general appearance in said court and invoked its powers on other than jurisdictional grounds; so, even if there had been any merit to the contention aforesaid, this would have constituted a waiver of such defense.

This court has repeatedly held that errors alleged to have occurred in the lower court, unless the same are excepted to, will not be considered on appeal to this court. New v. Elliott, 88 Okla. 126, 211 P. 1025; Bounds v. Gooch, 92 Okla. 260, 219 P. 105; Byers v. Burton, 93 Okla. 211, 220 P. 476; Price v. Preston, 103 Okla. 47, 229 P. 437; Todd v. Webb, 134 Okla. 107, 272 P. 380.

This court has also held in numerous cases that where, after filing a motion to quash service, a defendant, without waiting for a ruling thereon, pleads generally in said cause, he enters a general appearance and is bound by the judgment. Brewer v. Oil Well Supply Co., 126 Okla. 108, 258 P. 866; Locke v. First National Bank, 121 Okla. 38, 248 P. 869. And the same rule applies where the motion to quash is overruled and no exception is saved, and defendant thereafter pleads to the merits of the case.

It is next contended by the plaintiffs in error that this cause should be reversed because one of the jurors who rendered the verdict in this case had not been a resident of Pottawatomie county for six months next preceding the trial. With this contention we cannot agree. A verdict will not be set aside because one of the jurors had not been a resident of the county in which the cause was tried for six months preceding the trial, but which fact was unknown to the complaining party until after the verdict, unless it appears from an examination of the entire record that the service of such juror probably resulted in a miscarriage of justice. Root & Morgan v. Coyle, 15 Okla. 574, 82 P. 648; Stouse v. State, 6 Okla. Cr. 415, 119 P. 271; People v McFarlane (Cal.) 71 P. 568; Peters v. White, 169 Okla. 640, 38 P. (2d) 523.

No prejudice of the rights of the defendants is disclosed by the examination of the record in this case.

It is next contended that the verdict of the jury is not sustained by the evidence, but there is no merit to this contention. An examination of the record in this case discloses that there is competent evidence reasonably tending to support the verdict and judgment of the trial court, and in a case of this nature, when there is any competent evidence reasonably tending to sustain the verdict of the jury, this court will not review the same for the purpose of determining the weight thereof. Boring v. Harber, 130 Okla. 251, 267 P. 252; Farmers Guaranty State Bank v. Bratcher, 112 Okla. 254, 241 P. 340; United Fig & Date Co. v. Carroll et al., 116 Okla. 82, 243 P. 211; Oklahoma Union Ry. Co. v. Lynch, 115 Okla. 146, 242 P. 176; Peters v. White, supra.

It is next contended by the plaintiffs in error that the trial court erred in its instructions to the jury, and particularly on the measure of damages. Where error is predicated upon an instruction to the jury which was not presented to the trial court by the motion for new trial, such error will not be considered by this court. Benecke v. Johnson, 94 Okla. 97, 221 P. 14.

It does not appear from the record that the question of the alleged errors in these instructions was called to the attention of the trial court in the motion for new trial, but, even assuming that this had been done, this court has held that where there is competent evidence tending to show the damages alleged, and the verdict is not excessive, and when the complaining party does not request the trial court to give an instruction correctly stating the measure of damages, a cause will not be reversed because the court's charge does not accurately define the measure of damages. Lusk et al. v. Kennedy et al., 73 Okla. 307, 176 P. 502; Oklahoma Union Ry. Co. v. Lynch supra; Potts v. Zollinger, 79 Okla. 262, 192 P. 1099; Dodson & Williams v. Parsons, 62 Okla. 298, 162 P. 1090.

It does not appear from the record in this case that plaintiffs in error ever requested the court to give what they deemed proper instructions, and under the above authorities they cannot be heard to complain of the instructions that were actually given; nor does it appear that the damages allowed by the jury were excessive.

There is still another reason why this court cannot consider the alleged errors in the instructions of the trial court. Rule No. 10 of this court contains, among other things, the following provision:

"Where a party complains of an instruction given or refused, he shall set out in totidem verbis the instruction, or the portion thereof to which he objects, together with his objection thereto."

In their brief plaintiffs in error make no effort to comply with this rule of this court.

This rule is practically identical with former Rule No. 26 on this subject, and in the case of First National Bank of Woodward v. Savere, 132 Okla. 191, 270 P. 33, this court said:

" 'Where a party complains of instructions given or refused, he shall set out in totidem verbis in his brief separately the portion to which he objects or may save exceptions,' and our court has construed this requirement.

" 'This court will not consider the instructions complained of unless said rule is complied with * * *' Carignano v. Box, 97 Okla. 184, 223 P. 673, 676; Thompson v. Davis, 124 Okla. 79, 254 P. 501; Roof v. Franks, 26 Okla. 392, 110 P. 1098; Rhome Milling Co. v. Farmers, etc., Bank, 40 Okla. 131, 136 P. 1095."

For the reasons here given we think that the contentions of plaintiffs in error are without merit. The judgment of the trial court is affirmed.

A copy of the supersedeas bond filed in this cause by the plaintiffs in error in the sum of $7,000, conditioned according to law and executed by W. A. Burden, George Grimes, Joe T. Titsworth, Jr., J. W. Windsell, George Trimmell, H. S. Babb, and Ernest R. Grimes, having been included in the case-made and called to the attention of the court in the brief of defendant in error, judgment on said bond will be entered by this court against said bondsmen in the amount due under the judgment of the trial court, together with the costs of this appeal.

The Supreme Court acknowledges the aid of Attorneys Wm. G. Davisson, Ezra Dyer, and Earl W. Gray in the preparation of this opinion. These attorneys constituted an advisory committee selected by the State Bar, appointed by the Judicial Council, and approved by the Supreme Court. After the analysis of law and facts was prepared by Mr. Davisson, and approved by Mr. Dyer and Mr. Gray, the cause was assigned to a Justice of this court for examination and report to the court. Thereafter, upon consideration, this opinion was adopted.

McNEILL, C. J., OSBORN, V. C. J., and BAYLESS, WELCH, and CORN, JJ., concur.