HAMRE v. WAGNON et al.

No. 33731.     Sept. 26, 1950.
Rehearing Denied Dec. 12, 1950.

*226 P. 2d 934.*

Sparks, Boatman & Farrier, Woodward, for plaintiff in error.

Wise & Ivester, Sayre, and O. E. Enfield, Arnett, for defendants in error.

GIBSON, J. This action was commenced by plaintiff in error to recover judgment for the balance owing on a promissory note and to foreclose a mortgage given to secure the note.

The cause was tried to a jury resulting in verdict and judgment for the plaintiff who appeals therefrom. The parties are in the same relation here as in the trial court and will be referred to herein, respectively, as plaintiff and defendant.

During the period involved herein the plaintiff was engaged in the banking business and was president of Farmers & Merchants Bank at Arnett in Ellis county, Oklahoma. Defendant operated a cattle ranch in that county and financed his operations through loans obtained from and through the plaintiff, and the note involved herein arose in connection therewith.

The status of the accounts between the parties is clear as of June 28, 1928, at which time defendant was indebted as maker of two notes, one in the sum of $22,800 and the other in the sum of $20,000, both payable to plaintiff and secured by a mortgage covering the ranch. The $22,800 note reflected a loan

from plaintiff to defendant. The $20,000 note reflected a loan from one Kelly to defendant, obtained through the efforts of plaintiff upon condition plaintiff stand as security therefor, which was accomplished by the transfer of that note to Kelly by plaintiff's endorsement. Later, in October, 1934, new notes were executed covering said indebtedness, one in the sum of $32,620 payable to said plaintiff, and the other for $18,391 payable to Mrs. A. J. Kelly, both of which were secured by mortgage upon the ranch. Partial payments were made upon each of said notes and the Kelly note was paid in full December 31, 1945. Payment of the balance owing on note to plaintiff in accordance with latter's demand being refused, this action was instituted.

In his petition plaintiff pleads the execution of said note, certain partial payments thereon and demands judgment in the principal sum of $60,111.60 as the balance owing thereon. Defendant denies generally the allegations of the petition except the execution of the note, which is admitted, and for a special defense alleges in substance that at the time of the execution of the note the defendant was not indebted to plaintiff in excess of $8,000, and that same had been paid in full through divers payments thereon, made since the execution of the note. That defendant kept no records of the payments made because he relied on plaintiff to do so. And that at the time of executing said note he was of the opinion that the principal amount of the note included the amount of the indebtedness reflected in the Kelly note, the payment of which plaintiff had secured. The jury returned a verdict for plaintiff in the sum of $17,373.60 for which the judgment complained of was rendered.

In instruction No. 3 the court correctly charged the jury as follows:

"You are instructed that where parties give a note in renewal of another note and at the time had knowledge or by the exercise or ordinary diligence could have discovered, a partial

failure of consideration of the amount or amounts due on the original indebtedness, it becomes their duty to make such inquiry and investigation before executing the renewal note, and, if they fail to do so, they thereby waive such defense, and cannot set it up to defeat or reduce the amount of recovery on the renewal note."

Instruction No. 5, on the giving of which error is assigned, is as follows:

"You are instructed that if you find and believe from a fair preponderance of the evidence, facts and circumstances in this case that at the time defendants executed the note herein sued upon they owed plaintiff an amount considerable less than the amount for which the note was executed, and that defendants had good reason for believing and did believe that the indebtedness they owed Kelly was being included in the amount of said note, then you should find for the defendants and against the plaintiff on that issue, and then determine the correct amount due at that time.

"If you do not so find and believe from a fair preponderance of the evidence, facts and circumstances, in this case, then you should find for the plaintiff on that issue."

This instruction does not correctly state the law and constitutes an invasion by the court of the province of the jury.

The issues submitted to the jury to which this instruction appertains are (1) whether there was a partial failure of consideration, and, if so, (2) whether the defendant knew or is to be charged with the knowledge of such failure of consideration. The alleged partial failure of consideration did not consist solely of the inclusion of the Kelly indebtedness therein but divers other items, each of which was a distinct issue. The instruction appears to authorize the jury to find for defendant according to the fact of actual indebtedness on all such issues if defendant believed and had good reason to believe that the Kelly indebtedness was included. Belief that the Kelly indebtedness was included could not afford any basis

for the determination of the issues on the items other than the Kelly indebtedness or be material thereto. And the direction that the jury should find for the defendant on the issue of the Kelly indebtedness in event the defendant believed that it was included in the renewal note is in effect to authorize and direct them to find for the defendant notwithstanding they may find that the Kelly indebtedness was not included in the note and that such fact could have been discovered by defendant in the exercise of ordinary diligence. The fact of such belief and the reasons therefor might be pertinent to the question of the diligence required. Such belief cannot, as a matter of law, be held to be determinative of such issues nor preclude the jury from passing on such issues in the light of all the evidence material thereto. It follows that the error in giving instruction No. 5 is such as to require a reversal of the judgment. Williams v. McCants, 104 Okla. 168, 230 P. 730; Farmers' Guaranty State Bank v. Bratcher, 112 Okla. 254, 241 P. 340.

Errors are also assigned on the giving of another instruction, the refusal of the court to give a requested instruction, and the overruling of plaintiff's demurrer to the evidence and his motion for a directed verdict. We have examined these assignments and hold them to be not well taken.

Error is assigned upon the admission of evidence. Such assignment appears to be well taken, but since the error is not likely to occur on a new trial, we deem it unnecessary to consider the matter further.

The judgment is reversed and remanded, with instructions to grant a new trial.

ARNOLD, V. C. J., and LUTTRELL, JOHNSON, and O'NEAL, JJ., concur. CORN, J., dissents.