**W. O. LINDSAY, Plaintiff in Error,**
**v.**
**Karla SIKES, Defendant in Error.**
**No. 42840.**

Supreme Court of Oklahoma.
April 6, 1971.

Palmer, Shepherd, Maner & Armstrong by Robert L. Shepherd, Tulsa, for plaintiff in error.

Garrett & Pearson by Don Pearson, Muskogee, for defendant in error.

DAVISON, Vice Chief Justice.

This is an appeal by W. O. Lindsay (defendant below) from an order granting a new trial to Karla Sikes (plaintiff below), in a personal injury action, after unanimous verdict for defendant.

Plaintiff alleged in her petition that she was driving her automobile south on U.S. Highway No. 64 in the town of Haskell, Oklahoma, on July 2, 1965, at 1:30 p. m.; that defendant was driving his automobile east on a county road intersecting Highway 64; that defendant was negligent in that, among other things, he failed to stop at a stop sign on the county road, entered into the intersection and collided with the car plaintiff was driving.

Only three persons testified at the trial. They were the plaintiff and her doctor in her behalf, and a doctor (who had examined plaintiff) testified for the defendant. The

defendant did not take the stand and testify. Our narration of this testimony will be confined to that portion of this opinion where we discuss the content thereof in relation to the reasons given by the trial judge for granting plaintiff a new trial.

The trial court instructed the jury, insofar as pertinent, concerning the three elements necessary to constitute actionable negligence, including, "Third, injury to the party charging the negligence * * *."

As stated, the jury returned a unanimous verdict for the defendant.

Plaintiff filed a motion for new trial. It is only necessary to notice two of the grounds stated therein, because they are the two grounds argued in the briefs of the parties. They are, (1) that plaintiff was prevented from having a fair and impartial trial because one of the jurors was a deputy sheriff of Muskogee County in violation of 38 O.S.1961, § 28, and (2) that the verdict was contrary to and not sustained by the evidence.

In sustaining plaintiff's motion for new trial, the trial judge stated that, "* * * I just believe that the verdict is inconsistent with the facts and I am inclined to give her a new trial * * *;" that "I just feel that in fairness to everbody concerned, that it ought to be granted; that "in particular" the verdict was contrary to and inconsistent with the evidence, "but I'm inclined to just sustain the motion and let it go as is. I don't know what the Supreme Court will say about it."

We will first consider the alleged ground for new trial, that plaintiff did not have a fair trial because one of the jurors was a deputy sheriff.

The preliminary examination of the jurors is not in the record and we have no means of knowing what questions were asked by counsel that would disclose their eligibility and qualifications, or lack thereof, to sit as jurors in the trial of the case. There was no proof at the hearing on the motion for new trial that the juror was in fact a deputy sheriff and there was no showing made that the rights of the plaintiff were prejudiced by this person sitting on the jury.

This court has held in a case where one of the jurors was a deputy sheriff, that the mere fact that a juror lacked one of the general statutory qualifications to serve as a petit juror, which was unknown until after verdict, does not require that the verdict be set aside, when such disqualification is not inherent or necessarily of a prejudicial nature, and it is not shown that the rights of the complaining party were probably prejudiced. Peters v. White, 169 Okl. 640, 38 P.2d 523. See also Burden v. Stephens, 174 Okl. 312, 49 P.2d 1098.

There was no showing of prejudice and our examination of the record fails to reveal that plaintiff was prejudiced because this party acted as a juror. Under the circumstances and the above authority this was not a valid ground for granting a new trial.

This leaves the proposition of whether the action of the trial court in sustaining the motion for new trial was arbitrary and capricious and constituted an unwarranted exercise of judicial power.

Plaintiff urges that the verdict was contrary to the evidence. The trial court expressed the belief that the verdict was contrary to and inconsistent with the evidence. Plaintiff argues that, since the defendant did not take the stand, the matter of defendant's negligence and liability was established by plaintiff's testimony. However, even though we assume that defendant's liability was shown, there remains the question of whether plaintiff suffered any injury, and particularly whether plaintiff suffered any permanent injury. This was the subject of the testimony of the only other witnesses who were two orthopedic doctors.

We have carefully examined the record in this case. The accident was on July 2, 1965, at 1:30 p. m. Plaintiff was 23 years of age and had two children, ages 2 and 4, at the time of the trial. In the accident the right front fender of the car plaintiff was driving was damaged, and after it was

bent back up the car was operational. She testified that after about two or three weeks she went to a Dr. J, once or twice for pain in her neck and upper back, but on cross examination she admitted that it was about a month and a half after the accident before she consulted a doctor. Her sisters helped her with her housework for about a month and a half. Plaintiff went to Dr. D at intervals from September to December, 1965. She went to work as a punch press operator in a manufacturing plant from November, 1965, to January, 1967. She did not see a doctor during 1966 and 1967, until she saw Dr. D the day before the trial on June 5, 1967. With the exception of the one and a half month period, when her sisters helped her, plaintiff performed all of her household work, including the cooking, bed-making, sweeping, washing and hanging out the clothes and ironing, waxing and polishing the floors, and caring for the children and changing diapers.

Dr. D testified for plaintiff and stated that from her complaints and his examination he concluded she had a muscular condition in her neck and back that interfered with the blood vessels and nerves, which interfered with their normal function. Dr. D recommended that she have an operation to correct this condition, but stated plaintiff would still have 10% permanent disability to her entire body. Dr. D released plaintiff from further treatment in December, 1965, except for the suggested operation.

Dr. R testified for defendant concerning his conclusions as to plaintiff's condition, based upon his examination of her on November 12, 1965, which was during the period that she was being treated by Dr. D. Dr. R stated that he observed no abnormalities in plaintiff's ability to move and no limitation of motion in any area of any extremity or of her spine; that she did not favor any parts of her body; that he performed reflex tests of plaintff's arms and legs, and that they were all normal; and that plaintiff's arms were symetrically equal, and there was no evidence of interference with the nerves reflected by wastage of the muscles. Dr. R further testified that tests revealed no area of actual numbness in her hand and arm, and found nothing wrong with plaintiff's arms and shoulders; that there was a complete range of motion in the cervical spine; and that observation and X-rays revealed normal flexion curve of the neck. He stated that in view of the time that had elapsed since the accident the condition would not change for the worse thereafter. It was Dr. R's conclusion that there was no evidence of any injury, or any lasting injury, that plaintiff had no disability, and that there was no evidence of any need for an operation.

The question of the damages to the car in which plaintiff was riding was not involved in the case due to the fact that the car was in the name of her husband and a separate suit was filed by the husband for such damages.

In this state of the record there was competent evidence from which the jury could have concluded that plaintiff had suffered an injury and continued to have disability, and there was evidence from which the jury could have reached the opposite conclusion. It is obvious that the jury chose to deduce from plaintiff's testimony and to believe Dr. R's testimony, that plaintiff had no injury and disability.

Under these circumstances the trial judge, in granting a new trial for the reasons stated by him, has substituted his construction of the evidence, and the conclusions to be deduced therefrom, for that of the jury when it rendered a unanimous verdict for the defendant.

This case is very similar to the case of Essary v. Fitts, Okl., 467 P.2d 173, where the only question involved was the extent of plaintiff's injury, if any. In that case the evidence was conflicting as to the extent of plaintiff's injury, if any. The jury rendered a verdict for defendant finding that

plaintiff sustained no recoverable injury. The distinction between the cited case and the present case is that in the cited case the trial court approved the verdict and denied plaintiff's motion for a new trial and the judgment was sustained by this court.

In exercising sound judicial discretion in passing upon a motion for new trial in a jury case the judge is precluded from giving effect to his own will and subjective views of what is proper and just. Instead, he is bound to follow the will of the law in discerning the course legally prescribed according to principles ascertained by adjudged cases. If we were to allow untrammeled substitution of his own will for that of the triers of the facts, a trial judge could effect a partial abrogation of the right to trial by jury. Bishop's Restaurants, Inc. of Tulsa v. Whomble, Okl., 355 P.2d 560, 564.

The discretion vested in a trial court in granting or denying a new trial is a sound legal discretion to be exercised in accordance with recognized principles of law. Cosmo Construction Company v. Loden, Okl., 352 P.2d 910, and C. F. Church Div. of Amer. R. & S. San. Corp. v. Golden, Okl., 429 P.2d 771.

Where the Supreme Court determines that the trial court acted arbitrarily, clearly abused its discretion, or erred on some pure, unmixed question of law in granting or denying a new trial, the order of the trial court will be reversed. Cosmo Construction Company, supra.

We conclude that the trial court clearly abused its discretion in granting plaintiff a new trial.

Certiorari is granted and the decision of the Court of Appeals, Division No. 1, is reversed.

The trial court's order sustaining plaintiff's motion for new trial is reversed, with directions to the trial court to reinstate the verdict for defendant and to enter judgment on the verdict for defendant.

All Justices concur.